## PRICE vs. PICKETT ET AL.

1. Rents received by defendant under an adverse holding, cannot be recovered by the rightful owner in assumpsit for money had and received; but if the holding is not adverse, they may be recovered in that form of action.
2. The right to emblements does not obtain until the seed is sown, and does not include the costs of preparing the ground for the reception of the seed, when the term is determined by the death of the tenant for life before the seed is actually sown.
3. Tenants in common of land may sue jointly in assumpsit for money had and received to recover the rents.
4. When the life estate falls in before the end of the year for which the land is leased, the remainder-man is entitled to the entire rents from the death of the tenant for life to the end of the year, subject to the right of emblements.

ERROR to the Circuit Court of Marengo.

Tried before the Hon. JOHN D. PHELAN.

ASSUMPSIT on the common counts against the plaintiff in error by Joseph Pickett, Albert A. Dumas and Eliza, his wife, for the recovery of rents.

It was admitted on the trial, that Reuben Pickett, who was the father of the plaintiffs, Joseph Pickett and Eliza Dumas, in his lifetime owned and was possessed of a certain tract of land in Marengo county, and that he died in 1840, leaving a widow and the said two children; that the widow afterwards married the defendant, Price, and subsequently to her marriage with him claimed dower in the said land, which was duly allotted to her; that the defendant took possession of the part thus allotted to her, and rented it to one Thomason for three years, commencing on the first of January, 1846, for the sum of one hundred and twenty-five dollars per annum, payable at the end of each year; that Thomason took possession, and cultivated said land during the years 1846 and 1847, and paid the rent for those years to the defendant before the commencement of this suit; that the defendant's wife, the widow of said Reuben Pickett, died on the 13th of March, 1847, leaving the said Joseph and Eliza, children of said Reuben, surviving her; that said Eliza had intermarried with the plaintiff, Albert A. Dumas; that Thomason had made preparations, before the death of Mrs. Price, for planting all the land rented by him, but had only at that time planted about one tenth of it, which was sown in oats.

Upon these facts, the court charged the jury, that the plaintiffs were entitled to recover nine tenths of the money which the defendant had received for the rent of the land. To this charge the defendant excepted, and he now assigns it for error.

WM. M. BROOKS and I. W. GARROTT, for plaintiff in error:

1. The tenant was entitled to emblements, the right to which is given for the encouragement of industry and agriculture. This right certainly cannot extend only to the land actually sown or planted; the spirit and equity of the law includes also the land which has been prepared for the reception of the seed. The cost and labor of sowing is light, compared with that of preparing the ground for the reception of the seed. Black. Com. § 123 ; 2 McCord's Ch. R. 85.

2. Assumpsit for money had and received does not lie, under the facts disclosed in this case. The title cannot be tried in this form of action; nor rents recovered which the defendant obtained through a claim of title. Chitty on Contracts, 478.

3. The plaintiffs were tenants in common after the death of Mrs. Price, and could not join in this action. Each was entitled to his separate action against the lessee or person receiving the money for him. 2 Bouv. Inst. 310; 3 Stephens' Nisi Prius, 2726; Archbold on Landlord and Tenant, 110.

No counsel for defendants.

GOLDTHWAITE, J.—It is true, that the title to land cannot be tried in an action of assumpsit for money had and received; and for that reason, rents which have been received under an adverse holding cannot be recovered by the rightful owner in this form of action. But where the possession is not adverse, the true owner is entitled to recover the rents which have been received by another; in such case, it is money had and received to the use of the owner; and, as the person to whom the rent was paid would be compelled to account in equity, he may also be held responsible in the equitable action for money had and received. Monypenny v. Bristow, 2 Russ. & M. 117. Upon the case made by the record, no question could have been raised in the court below upon the title, as the bill of exceptions shows that the title after the death of Mrs. Price was in the plaintiffs, and there is nothing to show that any adverse claim was set up by the defendant.

In relation to emblements, the right of the tenant was unquestionably conferred for the encouragement of agriculture: but this right has never been held to obtain until the seed is sown, and the common law has drawn a distinction between the right to emblements and the costs of the preparation of the ground for the reception of the seed; as where the tenant for will is ousted after ploughing and manuring the land, he wholly loses his costs and labor, although if he had planted he would have been entitled to the emblements. Bro. Ab. Title, Emblements, 7. If, therefore, the term of the lessee was determined by the death of the tenant for life, he would

only be entitled to the emblements of the land then seeded. Thompson v. Thompson, 6 Mun. 518.

We are also satisfied, that the plaintiffs below properly sued in their joint names. They were tenants in common, and might join in any action on a contract in relation to their estate—1 Chitty's Pl. 9; as in an action of debt for rent—1 Co. Lit. 317;—although they must sever in an avowry for rent; and the reason is, that the avowry savors of the realty, but until the distress and avowry the rent is in the personalty. Co. Lit. ib.

The charge of the court, that the plaintiffs, upon the facts admitted, were entitled to recover nine tenths of the rent received by the defendant, cannot be sustained. The land was rented for the year 1847, commencing on the first of January. The lease was determined by the death of the tenant for life, in March, 1847; and the land which was actually seeded by the lessee, was about one tenth of the whole tract. Upon this portion, the lessee was entitled to the emblements; and for the whole land, subject to this right of emblements, the plaintiffs were entitled to rent from the seventeenth of March, 1847, and that portion, if received by the defendant, there being no claim of title, could be recovered by the plaintiffs in this action. But as this amount was not positively proved, and was only to be inferred from the facts admitted, the court could not determine it as a legal result, and say that the amount received by the defendant for less than ten months was nine tenths of the rent which was paid for the whole year. The rent received by the defendant for the land, from the determination of the lease in March to the end of the year, was a question for the jury to determine.

For this error, the judgment is reversed, and the cause remanded.