# Terrell *et al.* v. Reeves *et al.*

### *Statutory Action of Ejectment.*

1. *Construction of a will.*—In construing a will, the real intention of the testator must control, and this intention must be ascertained from a consideration of the whole will, each clause being read in the light of its context; and each devise or bequest must be so construed as to give it legal validity, unless its terms plainly manifest an intention on the part of the testator, which, if carried out, would offend some rule or policy of law.

2. *Estates in remainder; when giving effect to contingent remainder does not offend the rule against perpetuities.*—A testator devised to his daughter E. his real estate for life, "and at her death to such child or children of her as may survive her, and the descendants of such child or children as may then be dead, share and share alike;" said descendants to take *per stirpes.* He then provided that if such daughter "shall die leaving no children her surviving. nor the descendants of any such child or children, or if such child or children and the descendants of such child or children shall die before attaining the age of 21 years, leaving no lineal descendants him, her, or them surviving," the property should go to the children of his daughter T. "and the descendants of such of said children as may then be dead;" such descendants to take *per stirpes. Held:* that the limitations over were to the descendants of E. only, who were living at her death, and to the descendants of T. only, who were living when the vesting of the remainder in descendants of E. should fail, and that hence there was no infringement of the rule against perpetuities; and E. having died leaving no child or children, nor descendants of any child or children. her surviving, the estate vested absolutely in the children of T. then living, and the living descendants of such of the children of T. who were at that time dead, entitling them to maintain ejectment therefor.

3. *Same.*—The fact that by a subsequent clause of his will, the testator provided that all of the property given to the daughters of T. should belong to them for life only, with contingent remainders over in case they died without issue, does not affect the validity of the previous limitation over to the descendants of T. on failure of de-

scendants of E., since, until the estate created by the former clauses became absolutely vested, there could be no field for the operation of the provisions of the said subsequent clause.

4. *Liability of grantee of life-tenant for rent.*—Where one takes possession of leased lands under a deed from the life-tenant, who, prior to such conveyance, had assigned the rent note for the then current year to a third person, to whom the lessee paid the rent, upon the death of the life tenant in the same year, such grantee is not liable to the remainder-man for the rent of said land during the year in which the said deed was executed.

APPEAL from the City Court of Selma.

Tried before the Hon. JONATHAN HARALSON.

This was a statutory action of ejectment, brought by the appellees against the appellants, to recover certain lands specifically described in the complaint, and damages for the detention thereof ; and was commenced on February 10, 1892.

George Cunningham and Will Cunningham, partners composing the firm of Cunningham & Co., were the original defendants. Lee K. Terrell, as the landlord of said Cunningham & Co., became a party defendant to said suit. The action was originally brought in the circuit court of Marengo county, but by agreement of counsel was transferred to the city court of Selma. On the trial of the cause in the city court of Selma, on August 15, 1892, issue was joined on the plea of the general issue ; and the facts disclosed thereon are substantially as follows : The plaintiffs and defendant Terrell claim under the provisions of the will of John D. Catlin, deceased. John D. Catlin, who resided in Marengo county, died in 1857, seized and possessed of the lands in controversy. He left a will, made in May of that year, which was, soon after his death, admitted to probate in Marengo county. At his death he was a widower, with two children, who were his only heirs-at law, namely, Thirza Jane Cade, a widow, and Elizabeth F. Terrell, the wife of J. L. Terrell. Thirza Jane Cade, at the death of her father, had three children—two daughters and one son. She never married again, and had no other children. She died in 1876 or 1877. The appellees, the plaintiffs in the suit below, are the descendants of these children of Thirza Jane Cade, and are the present and only heirs-at-law of said John D. Catlin. The appellees, Lizzie A., and Adolphus Cade, are the children of the said son of

[Terrell *et al.* v. Reeves *et al.*]

Thirza Jane. The other appellees are the descendants of the said daughters of Thirza Jane. The three children of Thirza Jane died prior to the death of Elizabeth F. Terrell. At the death of John D. Catlin said Elizabeth was married to J. L. Terrell. She died in August, 1891, having survived her husband many years, and never having had issue. Upon the death of said John D. Catlin the said Elizabeth Terrell took, under the provisions of his said will, the lands in controversy; and continued in possession of the same until July 23, 1891, when she executed to the defendant, Lee K. Terrell, a deed in fee simple to said lands. Prior to the execution of said deed, the said Elizabeth Terrell, in the year 1890, executed her last will and testament, wherein she devised the said property to Lee K. Terrell. In January, 1891, while the said Elizabeth Terrell was in possession of said lands, she leased them to the defendants Cunningham & Co. for three years from that date, at $800 per annum, (which was shown to be a fair rental), and took from them their three several notes for the annual rent, payable at the Commercial Bank of Selma. The note for the rent for the year 1891; was negotiated by said Elizabeth Terrell prior to her death, and was paid by Cunningham & Co. before the institution of the present suit. Upon the execution of the deed by Elizabeth Terrell to the defendant, Lee K. Terrell, on July 23, 1891, he went into possession of the lands in controversy claiming them as his own, and the other defendants, Cunningham & Co., who were at that time in possession of said lands, attorned to said Lee K. Terrell.

The will of the said John D. Catlin was introduced in evidence. The only items thereof which affect the present litigation are the 1st, 2d and 5th. The 1st and 2d of these items are copied in the opinion. The 5th item was as follows: Item 5th. "To the children of my said daughter Thirza Jane Cade now born to her, I give and bequeath the following named slaves: * * * *. The foregoing property, and all other property hereinbefore given to the daughters of my said daughter Thirza Jane, I give, bequeath and devise to them, for and during their natural lives, and at the death of either of them, to such child or children as she may leave her surviving and the descendants of such child or children as may then be dead, such descendants to take the share to which

their deceased parent would be entitled if alive ; and if any of the daughters of my said daughter Thirza Jane die, leaving no child her surviving nor the descendants of any of such child, or if the child so surviving, or the descendants of a deceased child shall die before attaining the age of twenty-one years, leaving no child him or her surviving, the property hereinbefore given and devised to such daughter of the said Thirza Jane is to be equally divided between the children of the said Thirza then alive, and the descendants of such as are then dead."

The cause was tried by the court without the intervention of a jury, and upon the hearing of all the evidence the court rendered judgment against the defendants for the lands sued for, and assessed the damages against the defendants as follows: against Cunningham & Co., at the sum of $499.92, and against Lee K. Terrell at the sum of $766.58. Each of the defendants separately excepted to the judgment rendered by the court, and, on this appeal prosecuted by them, assign as error the judgment rendered in behalf of the plaintiff for the lands sued for, and the rendition of the judgment against each of the defendants, respectively, for the several amounts of the damages assessed.

Brooks & Brooks, for appellant.—It is well established that a will speaks as at the death of the testator without regard to subsequent events.—Redf. on Wills, 849 ; 4 Kent's Com., 283 ; Fearne on Rem., 444 note *a;* *Allen v. White*, 16 Ala. 181 ; Lewis on Perpetuities, 478-481 ; *Jackson v. Bellinger*, 18 Johns. 381 ; *Taylor v. Harwell*, 65 Ala. 11.

The limitations over after the death of Elizabeth F. Terrell are too remote and are, therefore, void.—*Lenoir v. Rainey*, 15 Ala. 667 ; *Dunn v. Davis*, 12 Ala. 135 ; *Woodley v. Findley*, 9 Ala. 716 ; 1 Jarman on Wills, 503, 531. The limitations over being void for remoteness, Elizabeth, the first taker, took an absolute estate, which she conveyed and devised to L. K. Terrell.—*Allen v. White*, 16 Ala. 181 ; 2 Redf. on Wills, 657 ; *Landman v. Snodgrass*, 26 Ala. 593 ; *Powell v. Brandon*, 24 Miss. 343 ; *Caldwell v. Willis*, 57 Miss. 555.

That an estate tail was created by the terms of this will seems clear.—*Smith v. Greer*, 88 Ala. 416 ; 2 Brick. Dig., 451, § 15; *Martin v. McRee*, 30 Ala. 116.

[Terrell *et al.* v. Reeves *et al.*]

Until an actual ouster, one tenant in common can not maintain ejectment against his cotenant.—*Jones v. Perkins*, 1 Stew. 512; *Foster v. Foster*, 2 Stew. 356; *Newell v. Woodruff*, 30 Conn. 498; Freeman on Co-tenancy, 231; *Allen v. Hall*, 1 McCord, 131; *Newbold v. Smart*, 67 Ala. 326; *West v. West*, 90 Ala. 458; *Warfield v. Lindell*, 30 Mo. 272-282; *Lessee v. Eckert*, 4 How. (U. S.) 289; *Van-Bibber v. Frazier*, 17 Md. 436; *Florence v. Hopkins*, 46 N. Y. 182; *Colburn v. Mason*, 25 Me. 434.

MALLORY & McLEOD, JOHN C. ANDERSON and JOHN S. JEMISON, *contra.*—"The law extends great indulgence to wills. . It does not permit the intention of the testator as to the disposition of his property by will to be defeated where such intention can be ascertained upon a careful examination of the whole will, and is not inconsistent with the rules of law ;   *   *   and even if the will is illegal and void in some of its provisions, it shall be sustained so far as it is consistent with law, unless the different parts are so dependent upon each other that they can not be separated."—*Rugely v. Robinson*, 10 Ala. 720; 4 Kent Com. (13 Ed.) note to 281.

The rule is that where there are two alternative contingencies, one of which may be too remote, and the other can not be, its validity depends on the actual event, and it will be allowed to take effect upon the happening of that event.—1 Jarman on Wills, pp. 554-6, note 18; 2 Fearne on Rem., 43, §§ 128-136; 2 Wash. on Real Prop. (3 Ed.), pp. 653-4; Lewis on Per., ch. 21; 5 B. & Ald. 309, 313-14.

In Mr. Catlin's will, Elizabeth Terrell was devised a life estate simply, with remainder to the children living at her death, or the descendants of such children as should then be dead. This created a contingent remainder at common law. During the life of Mrs. Terrell, this remainder continued contingent, subject to be vested by birth of a child. At her death, it being then ascertained that she left no child or descendants, that none had ever been born to her, this contingent remainder (or executory devise with the qualities of a contingent remainder) to her children &c., is then, and not till then, forever defeated and destroyed, and the property goes to the appellees as heirs of John D. Catlin, under this view of the case. No part of it could revert to Mrs. Terrell as heir

of said Catlin. It did not revert so long as Mrs. Terrell was alive, and one can not inherit after one's death.— Schouler on Wills, § 409, note 2; §§ 557, 559, 560; Hawkins on Wills, §§ 179, 196; 2 Jarman on Wills, (5th Amer. Ed.) 491; 15 Sim. 83.

It is a settled principle of law that "the effect of a limitation over being void by reason of its being too remote is, that then the will is to be construed as if no such clause had been inserted in it, and the first taker holds the estate discharged of the condition or limitation over. If this be a fee simple, he has a fee simple absolute; if in terms for life, he has only a life estate."—2 Wash. on Real Prop., (3 Ed.), 653; 2 Jarman (5th Amer. Ed.) 491, note; *Williams v. McConico*, 36 Ala. 22.

A devise is not to be construed simply as a deed may be, but more liberally, according to the will of the devisor.—3 Jarman, 699; 27 Amer. Rep. 307; *Bell v. Hogan*, 1 Stew. 541. If the gift does not extend beyond a life or any number of lives in being and twenty-one years thereafter, no perpetuity is created.—1 Jarman on Wills, 503, § 251. The remoteness of the takers, numerically or otherwise, does not violate the rule against perpetuities, if the takers are *in esse* at the time the estate of the first taker ceases. It has been laid down by some of the best authorities, that "such future interests may be limited to as many persons as the grantor may think proper, yet they must all be *in esse* during the life of the first taker," and the stated time thereafter.—2 Miner Inst. 432; 1 Stew. 536; 37 Ala. 182; 27 Ala. 238; 18 Ala. 132. This is the common law rule.

HEAD, J.—A devise or bequest must be so construed as to give it legal validity, unless its terms plainly manifest an intention, on the part of the testator, which, carried out, would offend some rule or policy of law. The real intention of the testator must be ascertained upon a consideration of the whole will, each clause being read in the light of its context; and if there may fairly be deduced, from the language used, an intention in consonance with law, that intention will be supposed to have been in the mind of the testator, rather than that he entertained a purpose to violate the law. Doubtful or ambiguous terms will be construed, if they can be, in favor of the validity of the disposition.— *Rugely v. Robinson*, 10 Ala. 702.

[Terrell *et al.* v. Reeves *et al.*]

The present dispute arises mainly upon the construction to be given portions of the first and second items of Mr. Catlin's will, as follows : Item 1. "To my daughter Elizabeth F. Terrell, I devise all my real estate not hereinafter disposed of, for and during her natural life, and at her death to such child or children of her as may survive her, and the descendants of such child or children as may then be dead—share and share alike, excepting that said descendants shall take the share to which their deceased parent would have been entitled if alive." Item 2. "If my said daughter Elizabeth shall die leaving no children her surviving, nor the descendants of any such child or children, or if such child or children and the descendants of such child or children shall die before attaining the age of twenty-one years, leaving no lineal descendants him, her or them surviving, I devise and bequeath all the property hereinbefore devised and bequeathed to my said daughter, to the children of my daughter, Thirza Jane Cade, which she now has or may hereafter have, and the descendants of such of said children as may then be dead, such descendants to take the share to which their deceased parent would be entitled if living." The appellants maintain that the devise is to Mrs. Terrell and the heirs of her body, creating in her an estate tail at the common law, converted into a fee by force of our statute ; or that if a life estate only in her was intended, with remainder over, the limitation over of the remainder is too remote, offending the rule against the creation of perpetuities.

It is very clear that the testator intended to vest in Mrs. Terrell a life estate only ; and whether the limitation over be held too remote or otherwise, the intention was to vest, upon the contingencies written in the will, the estate in remainder in the designated persons as purchasers. We, therefore, dismiss the contention that an estate tail was created without further comment. Is the limitation over too remote? In the first instance, as we have seen, the remainder is given to the child or children of the life tenant living at her death, and the *descendants* of such child or children as may then be dead—share and share alike, excepting that said *descendants* shall take the share to which their deceased parent would have been entitled if alive. The vesting of the remainder, under this clause, is further qualified and limited by the

provision in the second item of the will, to the effect, that if the life tenant die leaving no child then living, nor descendants of any such child or children, or if there be such child or children or descendants of such child or children, but they shall die before reaching majority, then the estate shall vest in the children of Mrs. Cade which she had at the testator's death, or might thereafter have, and the descendants of such children as may be dead at the time it should be determined the remainder could not vest absolutely under the first item of the will, with the similar provision that such descendants shall take the share to which their deceased parent would be entitled if living. The controversy seems to turn upon the scope and effect which attach to the word *"descendants,"* as the testator saw fit to use that word. Appellants contend that this word comprehends descendants of the ancestor to the remotest degree, unless by the contingency named in the devise, the running down the line be determined by the arrival at the age of twenty-one, of some descendant or descendants—a contingency which might happen beyond the period prescribed by the rule against perpetuities, or might never happen. Appellees, on the other hand, contend that the word as used in the first item, and as first used in the second item, of the will, refers to descendants *living at the death of Mrs. Terrell,* the life tenant; and as last used in the second item, to descendants living when the vesting of the remainder, under the first item, should fail. Our reading of the will impels us to agree with the latter contention. As we have remarked, we must accord validity to the devise, if we can do so, and at the same time effectuate the intention of the testator and do violence to no principle or policy of the law. Now, it can not, we think, be controverted that the term "descendants," as firstly and secondly used in the second item of the will, refers to the same class or designation of persons as the testator intended to comprehend when he used the word in the first item. It obviously has the same meaning in both connections. Examine the second item, and we see there is no room for sound argument that the word has any other reference than to the descendants of a deceased child or children of Elizabeth, *living at her death.* The language is: "If my said daughter Elizabeth shall die, *leaving no child,*

*her surviving*, nor the descendants of any such child or children," (*her surviving*, we necessarily interpolate), or if such child or children and descendants of such child or children shall die, &c., then over. Let us then put the two items together, and paraphrase thus: "To my daughter Elizabeth *    *    *    * for and during her natural life, and at her death to such child or children of her as may survive her and the descendants of such child or children as may then be dead; but if she shall die *leaving* no child, nor the descendants of any such child or children, *her surviving*; or if such child or children, and *such* descendants of such child or children shall die before attaining the age of twenty-one years, leaving no lineal descendants him, her or them surviving," then over. We have the obvious purpose of the testator to provide, in the first item, for the first objects, and in the second item, in the event of their failure, for the second objects of his bounty; and in the latter disposition he clearly makes known who the first objects were, and defines them to be children of Mrs. Terrell and descendants of her children, living at her heath, with the qualification that the remainder shall not vest absolutely if such child or children or descendants shall die before attaining the age of twenty-one years, leaving no lineal descendants, him, her or them surviving; on happening of which contingency, the estate goes over to the children of Mrs. Cade, &c. These considerations illustrate the meaning of the testator when he used the word "descendants" in the limitation over to the children of Mrs. Cade, and the descendants of such children, &c. We hold that in neither connection did the testator mean descendants in the remotest degree; and this conclusion, we think, is plainly deducible from the will, without doing violence to any of its provisions. Our construction is further enforced by the form and connection of the *per stirpes* clauses found in these devises. It follows that the remainder must have vested absolutely, if at all, within a life or lives in being and twenty-one years and a fraction of a year afterwards; and the contingency upon which the children, &c., of Mrs. Cade were to take having happened, the estate vested in them.

We are of opinion that the defendant, Lee K. Terrell, was not liable for that portion of the rent, for the year

[Terrell *et al.* v. Reeves *et al.*]

1891, which was assessed against him by the city court. It is true the bill of exceptions recites that he went into immediate possession of the land, upon the execution of the conveyance to him by Mrs. Terrell in July, 1891, and Mrs. Terrell's tenants, then in possession, attorned to him; but the facts further show that prior (we assume) to the conveyance to Lee K. Terrell, Mrs. Terrell, the life tenant, assigned the note she had taken from Cunningham & Co., her tenants, in January, 1891, for the rent for that year. Cunningham & Co., as her tenants, had possession of the whole land and had growing crops thereon when she conveyed to Lee K. in July, and when she died, in August following; the crops not having been gathered until the end of that year, the tenants continuing in possession, making and gathering their crops, until that time. They paid the rent to the assignee of the rent note, not to Lee K. Terrell. The assignment of the rent note by Mrs. Terrell severed the rent from the reversion, so far as Lee K. was concerned, and he acquired by his conveyance of the land from her, no right to such rent or any part thereof. He received none of it. So far as Mrs. Terrell had the right to assign it, her assignee became entitled to it. Cunningham & Co. had the right to retain possession of the land, to complete and gather their crops, until the end of the year, without accountability for rent other than that they had contracted to pay. Lee K. Terrell had no right to require rent from them. The possession of the land was not unlawfully detained from the plaintiffs, the remaindermen, until January 1, 1892; for Cunningham & Co. had the undoubted right of possession until then. The case of *Price v. Pickett*, 21 Ala. 741, was different. There the party who had actually received the rent for the year in which the life estate expired, was sued in assumpsit, by the party claiming in remainder, to recover a proportionate share of the sum so received, and the action was held maintainable. The defendants, Terrell and Cunningham & Co., became jointly liable for damages from and after January 1, 1892, to the time of trial. Damages from that time were assessed against the latter, and no greater sum should have been assessed against the former. Whether the plaintiffs, the remaindermen, are entitled to recover against Cunningham & Co., in any form of action, for any part of the rent for the year

18

in which the life tenant died, is a question not presented by the record and is not decided. We cite the following cases in so far as they may bear upon the question.— 39 Ala. 113 ; 58 *Ib.* 277 ; 60 *Ib.* 448 ; 62 *Ib.* 283; 78 *Ib.* 158 ; 79 *Ib.* 164 ; 90 *Ib.* 449. The judgment will be here corrected to conform to our ruling, and, as corrected, will be affirmed.

Corrected and affirmed.

### RESPONSE TO APPLICATION FOR REHEARING.

HEAD, J.—When we formerly had this case under consideration, we addressed ourselves to the question, upon which the rights of the parties, in this action, depended, whether the remainder contingently limited to the children &c. of Mrs. Cade, upon the precedent life estate devised to Mrs. Terrell, by Mr. Catlin's will, was valid or not, in view of the rule against perpetuities ; it being argued, against its validity, that the contingencies upon which it was made to depend were such that they might not have happened within a life or lives in being, and twenty-one years and a fraction afterwards. We did not inquire whether that remainder, if valid, was for life or in fee ; or, if for life only, whether subsequent contingent remainders limited thereon to others, by other provisions of the will, were valid or not, for the obvious reason that such inquiries were immaterial. If a valid contingent remainder was devised to the plaintiffs (grandchildren of Mrs. Cade) which became vested, in estate and possession, by the happening of the prescribed contingencies, they were entitled to recover in this action, without regard to the duration of their estate, whether for life or in fee; and without regard to the nature or validity of other remainders limited, or attempted to be limited, upon their estates, by other provisions of the will. It is now, in effect, argued, in support of an application for a rehearing, that because, as counsel contend, by the fifth item of the will, if *daughters* of Mrs. Cade had survived the contingencies upon which the remainder limited upon the life estate of Mrs. Terrell was to vest, whereby an estate in remainder became vested in them, the estate, so taken by the daughters, would have been for life only, upon which estate contingent remainders to others were, by said fifth item,

[Bell, Admr., v. Montgomery Light Co.]

attempted to be created; and that these latter limitations reach back behind the remainder thus completely vested in the daughters, and must be looked to, in determining the effect and validity of the limitations upon which the daughters took their estate ; and the argument proceeds, that these several limitations combined would create estates in perpetuity, offending the rule.   The statement of the proposition refutes it.   The limitations provided in item five presuppose the complete investiture, in the daughters of Mrs. Cade, of the remainder contingently limited to them by items one and two, by the happening of the contingencies upon which they depend; and then declare that the estate so taken shall be for life only. Hence, until that estate became absolutely vested, by virtue of the provisions of items one and two, there was no field of operation for the provisions of item five ; from which it follows, that the latter provisions could exert no influence whatever upon the former, except to convert the estate which the daughters took under the former, from a fee into a life estate.   So far as the provisions of item five demand, the case is precisely the same as if the estate taken by the daughters, under items one and two, had been, by the terms of the will itself, a vested, instead of a contingent, remainder for life ; for, as we have indicated, item five obliterates the contingencies of items one and two, as valid contingencies which have actually happened, and presupposes an estate completely vested in the daughters.   In determining, therefore, the validity of the remainder to the children &c. of Mrs. Cade, entitling the plaintiffs to maintain this possessory action, we properly look only to the provisions of items one and two by which it was created.

Rehearing denied.