(87 South. 850)

JONES et al. v. SANDLIN.  (6 Div. 50.)

(Supreme Court of Alabama.  Nov. 25, 1920.)

**1. Life estates** ⬦==13—**Life tenant held not entitled to commit waste by cutting timber.**

Will giving testator's wife absolute title to the personal property, but expressly limiting her ownership of lands to a life estate with a direction as to the disposition thereof at her death, did not entitle her to commit waste by cutting of timber.

**2. Limitation of actions** ⬦==32(1)—**Count for value of timber, being in assumpsit, not barred by one-year statute as a count for conversion.**

Count alleging value of timber, that defendant was the owner of a one-thirtieth interest in the land and the timber, that plaintiffs were the owners of the reversionary interest, that defendant converted the timber to his own use, and that the proceeds thereof are justly due, *held* a count in assumpsit to which the one-year statute of limitations is not applicable.

**3. Life estates** ⬦==13—**Timber cut becomes property of remaindermen.**

Timber cut from land in possession of life tenant unauthorized to cut such timber becomes the property of the remaindermen whether cut by the life tenant or a third person.

**4. Life estates** ⬦==28—**Remedy of remaindermen for cutting timber on land in possession of life tenant.**

Where timber was cut from land in possession of life tenant who was unauthorized to cut such timber, the remaindermen to recover proceeds were not required to bring an action on the case, but could recover in an action for trover, or could waive the tort and sue in assumpsit, or could recover under common count for money had and received.

**5. Witnesses** ⬦==128—**Testimony as to transaction with a decedent competent where estate not involved in litigation.**

In action by remaindermen to recover for timber cut from land in possession of life tenant, against third party who claimed to have had permission to cut timber for life tenant, third party's testimony as to permission to cut timber obtained from life tenant was not incompetent as testimony of a transaction with the deceased under Code 1907, § 4007, though life tenant was dead at the time of the trial, since the life tenant's estate was in no manner interested or involved in the litigation.

Appeal from Circuit Court, Blount County; O. A. Steele, Judge.

Action by A. B. Jones and others against John Sandlin. Judgment for defendant, and plaintiffs appeal. Reversed and remanded.

The complaint filed November 14, 1918, by the appellants against the appellee, contained five counts; the first two being common counts, one for money due and the other for money had and received. The third count claimed $1,500 for the conversion by the defendant during the years 1913 to 1916, inclusive, of 367,500 feet of timber and one stone chimney, the property of the plaintiffs. The fourth count was in assumpsit for the value of the timber cut and the chimney, and set up that the defendant was the owner of one-thirtieth interest in the land, timber, and chimney, the plaintiffs being the owners of the reversionary interest; and that he converted said timber to his own use, and that the proceeds thereof are justly due. The first and second pleas were the general issue. Plea 3 set up that the defendant removed the timber with the permission of one Nancy I. Ward, who owned a life interest in said land under the will of one Martin Ward, deceased, and the said Nancy I. Ward owned said estate without impeachment for waste because of the following paragraph in said will:

"Second. I give to my wife, Nancy I. Ward, my negro girl, Amanda, and her children, they being in lieu of Six Hundred and forty dollars, by me received from her mother's estate upon our marriage. Also I give her the tract on which I now reside, it being a part of the S. E. ¼ of the S. E. ¼, a part of the N. E. ¼ of S. E. ¼, of section 26, in township 13, range 4 west, being all of the above-described quarters that lie on the east side of the Mulberry fork of the Warrior river, containing forty-five acres, more or less. Also the E. ½ of the N. W. ¼, and the W. ½ of the N. E. ¼ of section 26, township 13, range 4 west, containing one hundred and sixty acres, more or less, including the farm and residence. Also the household and kitchen furniture. Also a horse and buggy to be worth three hundred dollars. Also four cows and calves, twenty head of stock hogs. Ten head of sheep. All of which she is to have and to hold as her own property, in fee simple, to use and enjoy as she desires, except the lands above described, which she is to have and to hold, exercising all the rights of ownership over it, together with all the hereditaments and appurtenances thereunto belonging during her natural life, but after her death the said lands and appurtenances as above described shall be sold for the use and benefit of my children and the proceeds divided amongst them so as to make them equal."

The plea concludes as follows:

"And the defendant avers that the said cutting and removal of said timber was done by the defendant at the special request and direction of the said life tenant, Nancy I. Ward, who was then living and in the possession and enjoyment of said life estate in said lands, and the said timber was cut without malice or ill will toward the plaintiffs in this cause."

---

⬦==For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes
[1] 204 Ala. 154.

Plea 5 was in substance the same as plea 3, and set up that the cutting was done at the request and direction of the life tenant. Plea 7 was directed to count 4, being a plea of the statute of limitation of one year. Demurrer of the plaintiffs to pleas 3, 5, and 7 were overruled.

The evidence tended to show that the plaintiffs were the heirs of one Martin Ward, deceased, and owned a reversionary interest in the land under the terms of the will, and that the defendant owned the interest of one Reuben Ward, being a one-thirtieth interest in the reversion; and that the paragraph of the will herein involved was properly set out in plea 3; that the defendant did cut timber from said land described in the complaint from the year 1913 to 1916, inclusive, and also evidence tending to show the amount cut and the value thereof. The evidence further tended to show that defendant took a chimney from the land and erected same upon other land belonging to him; that defendant had a sawmill close by the land; and that he cut the timber, had it sawed into lumber, and sold the same. The defendant admitted cutting the timber and moving the chimney, but insisted he did so under the direction and with the consent of the life tenant, Nancy Ward, and while she was still living; that some of the timber was cut in clearing the land, but some of it was cut from land he did not clear and was sawed into lumber and sold; and that he paid plaintiffs nothing therefor.

The plaintiffs objected to the testimony of the defendant as to the oral contract with Nancy I. Ward, the life tenant, now deceased, and the objection was overruled. At the conclusion of the evidence the court gave the affirmative charge for the defendant, and from the judgment following the plaintiffs prosecute this appeal.

Stallings & Drennen, of Birmingham, for appellants.

While a life tenant is entitled to the use of wood and timber pending her estate, she cannot go to the extent of waste or of the sale thereof. 148 Ala. 662; 176 Ala. 62, 57 South. 460; 202 Ala. 193, 79 South. 565; 16 Cyc. 620, 628, 629. Remaindermen may maintain an action against the life tenant or one claiming under her for injury to the inheritance or for waste. 152 Ala. 636, 44 South. 859; 16 Cyc. 626, 629. The will gave the widow a life estate merely, and did not authorize her to commit waste. 26 Ala. 360; 83 Ala. 482, 3 South. 700. The plaintiffs had a right of action for the tort committed, or may waive the tort and bring it assumpsit, in which case the statute of one and three years neither apply. 20 Ala. 212, 56 Am. Dec. 198; 23 Ala. 781; 90 Ala. 347; 7 South. 736; 30 Ala. 341; 38 Ala. 134; 115 Ala. 543, 22 South. 131; 106 Ala. 381, 17 South. 709.

Russell & Johnson and Kelton & Son, all of Oneonta, for appellee.

While the life estate is in existence, the remaindermen cannot recover for injury done the land, except in case, and there being no count in case the court properly directed a verdict for the defendant. 38 Ala. 259; 171 Ala. 124, 54 South. 543; 104 Ala. 420, 16 South. 88; 11 Ala. 860; 74 Ala. 122; 152 Ala. 636, 44 South. 859; 23 R. C. L. 579. The cause was barred by the statute of limitations of one year. Section 4840, Code 1907; 171 Ala. 124, 54 South. 543.

GARDNER, J. Pleas 3 and 5 were pleas of confession and avoidance; the defendant admitting the cutting of the timber, but attempting to justify the same upon the permission and direction of the life tenant, Nancy I. Ward, who was then living and in the enjoyment of the life estate in the lands.

[1] A life tenant is not under the will permitted to commit waste and thus damage or diminish the value of the inheritance, and to cut timber trees for sale is such waste as to give the remainderman a right of action. As to what cutting amounts to waste and the limitations on the life tenant in regard thereto has been the subject of much discussion as disclosed by the numerous cases found cited in the note to 16 Cyc. p. 628, where is found the following:

"The tenant in this country may usually remove timber so as to fit the land for pasture or cultivation, the rule being that such clearing is not waste if it does not damage or diminish the value of the inheritance and the acts of the tenant are conformable to the rules of good husbandry; and in such cases the timber removed may be sold by the tenant or used off the premises. The amount of clearing which may be done depends upon the circumstances of the particular case; and if it is in fact an injury to the inheritance, or the real purpose of the clearing is not the improvement of the land, but the sale of the timber, its removal is waste."

See, also, Lowery v. Rowland, 104 Ala. 420, 16 South. 88; Bell v. Burkhalter, 176 Ala. 62, 57 South. 460; 9 Michie, Encyc. 630.

Pleas 3 and 5 therefore evidently rest upon the theory that under the terms of the will quoted therein, the life tenant had a right without impeachment for waste to dispose of the timber.

We enter into no detailed discussion of the terms of the will, except to point out that while the gift to Nancy I. Ward of the personal property was in fee and absolute, yet her interest and ownership of the lands was expressly limited to a life estate with a direction as to the disposition of same at her death. The following quotation from Denson v. Mitchell, 26 Ala. 360, is here in point:

"The authorities, both English and American, seem generally agreed in the position that an express estate for life given by will, negatives

the intention to give the absolute property, and converts words conferring a right of disposition into words of mere power."

Likewise, the following from Pendley v. Madison's Adm'r, 83 Ala. 484, 3 South. 618:

"The clear terms in which the first item of the will created an express estate for life negatived all intention to confer on the widow any absolute power of disposition during her life, or even after her death."

We are therefore of the opinion that under the terms of the will here in question the life tenant was without right to commit waste by cutting and selling the timber from the land, and that these pleas were subject to the demurrer interposed thereto. The demurrers should have been sustained, and in overruling the same the court below committed error.

[2] As we construe count 4, it is a count in assumpsit for the recovery of plaintiffs' proportionate share of the proceeds of the timber cut, and plea 7, setting up the statute of limitation of one year, was not applicable thereto. The demurrer to this plea should likewise have been sustained.

Counsel for appellee, omitting any reference to the foregoing questions, confine their argument to the proposition that as the plaintiffs are remaindermen they cannot recover for injury done to the lands during the life of the life tenant, except in an action on the case, and as no count of the complaint is in case the affirmative charge was therefore due, citing Arthur v. Gayle, 38 Ala. 259.

[3, 4] That case dealt with personal property and the conversion thereof during the existence of the life estate. The opinion recognizes the right of action by the remaindermen, but indicating the remedy as an action on the case for the reason there was no right of immediate possession. That authority, in our opinion, is without application to the facts as here presented, for it has been held, and we think upon good reasoning, that timber trees, such as the life tenant is unauthorized to cut, became the property of the remaindermen whether cut by the life tenant or a third person. 16 Cyc. 639, where is cited Lane v. Thompson, 43 N. H. 320. This latter authority contains an interesting discussion of the rights and remedies in cases of this character, and upon the question here under consideration the court said:

"For cutting the trees by a third person the tenant may maintain trespass for the disturbance of his actual possession, and the reversioner may maintain case for the injury to the reversion; but where the trees are once cut and severed, the tenant ceases to have any interest in or right to the trees, and they then become the absolute property of the reversioner; and this absolute ownership draws after it and with it the legal possession, so that he can maintain trespass for carrying them away and converting them."

Applying this rule to the instant case, trees which were unlawfully cut by the life tenant, or under her authority, became, upon being severed from the land, the property of the remainderman or reversioner, for the conversion of which the reversioners could maintain their right of action, for having the legal title they likewise had the immediate right of possession.

There was evidence tending to show that defendant had cut the timber, sawn it into lumber, and sold the same. Under such circumstances, although the defendant owned a one-thirtieth undivided interest with the plaintiffs, yet the action of trover would lie against him, or the plaintiffs might waive the tort and sue in assumpsit. Smyth v. Tankersley, 20 Ala. 212, 56 Am. Dec. 193; Tankersley v. Childers, 23 Ala. 781; Snodgrass v. Coulson, 90 Ala. 349, 7 South. 736; Howton v. Mathias, 197 Ala. 457, 73 South. 92; Cowles v. Garrett's Adm'rs, 30 Ala. 341. We construe count 4 as in assumpsit for the recovery of the share of the proceeds of the timber sold, which might also be recovered under count 2, which was the common count for money had and received. Farmers' Bank & Trust Co. v. Shut & Keihn, 192 Ala. 53, 68 South. 363.

If count 5 is properly construed as an action in case, it was, of course, barred by the statute of limitation of one year under the undisputed evidence; but no question is raised separately as to such count in any of the assignments of error. There was error in giving the affirmative charge for the defendant.

[5] The objection of plaintiffs to the testimony of defendant as to the permission for cutting the timber obtained from the life tenant was raised upon the grounds that as the life tenant was dead such testimony would be violative of section 4007 of the Code of 1907. This objection was not well taken. The estate of the life tenant was in no manner interested or involved in this litigation or the result thereof. Butler v. Jones, 80 Ala. 436, 2 South. 300; Hendricks v. Kelly, 64 Ala. 388.

No question was presented separately as to the right of recovery for the rock chimney which was removed from the premises by the defendant, and is still in his possession. Whether or not there has been such destruction and exclusion of the rights of plaintiffs as to the same, which would sustain trover, we need not stop to inquire. Under the peculiar facts existing, an examination of the authorities may disclose some difficulty as to this question; but as it is one of such small consequence in the case, and not being treated or separately argued by counsel, we pass it by without further notice, as it may not be deemed of sufficient importance to be carried into another trial.

For the errors indicated, the judgment is reversed, and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.