17 So.2d 237

### GRACE v. DODGE.
### 6 Div. 62.

Supreme Court of Alabama.
Jan. 13, 1944.

Rehearing Denied March 23, 1944.

Barber & Barber, of Birmingham, for appellant.

B. J. Dryer, of Birmingham, for appellee.

GARDNER, Chief Justice.

Complainant, William M. H. Grace, entered into a written partnership agreement with D. D. Dodge to engage in business to manufacture and sell equipment, machinery, and merchandise of all kinds, particularly that of manufacturing and selling building and mine shores and parts, as patented by one Markham, and to be conducted under the name of Markham Products Company. Under the contract Dodge was to advance all funds necessary for the purchase and conduct of the business, and complainant was to contribute services, with monies advanced to him from time to time. Dodge was to receive during the continuance of the business an amount equal to 75% of the net profits, and Grace the remaining 25% thereof. Grace, becoming dissatisfied, and stating sufficient reasons therefor, filed this bill seeking a dissolution of the partnership and a division of the assets. After the taking of much testimony a receiver was appointed, and in June, 1942, the cause was submitted for final decree on pleadings and proof, resulting in a decree of dissolution, an accounting, and a distribution of assets as therein provided. Complainant, being dissatisfied with some of the items in the accounting, has prosecuted this appeal from the decree rendered.

We think it clear enough this was such a final decree from which an appeal is authorized under Sec. 754, Title 7, Code of 1940. Ex parte Elyton Land Co., 104 Ala. 88, 15 So. 939; McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917; Dawson v. City of Birmingham, 216 Ala. 641, 114 So. 221. We find nothing in Fleming v. Copeland, 210 Ala. 389, 98 So. 128, cited by counsel for defendant, which tends to a contrary conclusion. The suggestion, therefore, that the appeal should be dismissed is not well-founded.

The argument for complainant relates to three items in the accounting. The first has reference to a credit allowed the defendant Dodge of $4,500 withdrawn from the assets of the partnership soon after the bill was filed. The partnership had on deposit $700 in cash. Dodge borrowed from the bank $3,800 in the partnership name, to which he added the $700 on deposit, and paid it to himself. Dodge made this loan from the bank on December 10, 1941, the bill in this cause having been filed on September 29th previous, with a motion for a reference served on Dodge October 1st, 1941. On October 25th the defendant filed a demurrer to the bill, and on November 4th the attorneys of record for the respective parties filed the written agreement for all proceedings to be held in abeyance until December 1st, for the primary purpose of completing arrangements with the patent owner for the benefit of the partnership. On that date, or before if the parties could agree, it was proposed that a conference be held looking to a mutual agreement of dissolution, failing in which the controversy was to be submitted to arbitrators or to the court for dissolution and settlement. This agreement provided further that Dodge should have his answer ready by December 5th, 1941, and that the matter should be pushed to a conclusion just as soon as possible thereafter. This agreement was dated November 4th, 1941.

Previously, and on October 22nd, 1941, complainant had amended his bill alleging that defendant had failed to account for several thousand dollars, was treating the business as his own, and was disposing of the assets of the partnership. This amend-

ed bill sought injunctive relief. On the same date an order was entered for the temporary injunction, but it appears not to have been served until December 12th, 1941. Such was the status of this litigation when Dodge went to the bank and borrowed in the name of the partnership $3,800. This was for his own benefit, and the money was converted to his own use, together with the $700 on deposit in the name of the firm.

Dodge seeks to justify his conduct in creating this indebtedness in the name of the firm, and in taking the entire proceeds to his own use, upon the theory that he was merely making an effort to equalize himself with the withdrawal of funds by complainant Grace on a "75%–25% basis." It appears that Grace had been advanced by Dodge, who was to manage the entire financial affairs of the firm, sums of money from time to time which amounted to something less than $1,200 for services rendered. But the agreement as to the net profits above referred to is defined in the contract as "the net profit of the partnership after providing for all operating expenses of the partnership, including a reasonable surplus to be agreed upon by the partners, and payment of said indebtedness to said Sewell and said Dodge without payment of any salaries to said partners themselves." The contract further provided that advances to either partner from partnership funds for personal use should be considered an advance to be charged against and collected from the distributive share of said partners in the net profit of the business.

The difficulty we find in defendant Dodge's insistence is that in fact no such net profit has been made to appear. Indeed, defendant's argument discloses—and we think it justified by the record—that the business had been conducted at a loss until a Government contract was obtained in 1941, which, while operating as a net profit for that year, was necessary to be consumed in the payment of expenses previously incurred. The definition of net profit set forth in the partnership contract above quoted suffices to show that in fact there was no net profit for distribution between the partners upon the "75%–25% basis."

■ Perhaps by virtue of Sec. 35, Title 43, Code of 1940, the loan of the bank to the firm, made on December 10th, 1941, will be considered binding upon both partners, as the provisions of the statute for release of liability had not been observed. But as between the partners, complainant had pending his bill for dissolution and final settlement of the partnership affairs, and the parties had in fact entered into an agreement pending this litigation looking to that end. Dodge was not in a position at that time to circumvent the full jurisdiction of the court regarding the matter of this litigation. 15 C.J. 822; 21 C.J.S., Courts, § 92, p. 143; Fair v. Cummings, 197 Ala. 131, 72 So. 389. It would appear, therefore that Dodge had no authority to thus incur an indebtedness so far as the partners are concerned to secure funds for his own personal use. Nor could he justifiably withdraw the $700 for his personal use, as no net profit within the meaning of the contract had been shown.

We are, therefore, persuaded that the court was in error in holding these transactions justifiable.

■ The ruling of the court below also approved a credit of $250 paid to defendant's attorney after the filing of this suit. Complainant testified—and we find in the record no contradiction of his statement—that at the time this bill was filed the partnership owed the attorney nothing. Counsel for defendant makes some reference to a photostatic copy of a bill for services and some character of statement or agreement in the court below. But this is a matter dehors the record. Upon the record here presented the allowance of this credit of $250 was an error, and must be disapproved.

■ Complainant insists that the court erred in failing to allow attorney's fees for the prosecution of this suit. Title 46, Sec. 63, Code of 1940. For the allowance of such fees the services must be held beneficial to the common estate. Coker v. Coker, 208 Ala. 239, 94 So. 308. And the allowance of attorney's fees is a matter which rests largely within the discretion of the court. Bidwell v. Johnson, 191 Ala. 195, 67 So. 985; Matthews v. Lytle, 220 Ala. 78, 124 So. 197. A careful study of the record is not persuasive that the trial court's discretion was abused in the disallowance of such attorney's fees.

The result is, therefore, that insofar as the final decree dissolves the partnership, it is due to be affirmed, but as to the matters of accounting herein discussed, the decree is in error and should be reversed at the cost of appellee.

Affirmed in part, and in part reversed and remanded.

THOMAS, BROWN, and LIVINGSTON, JJ., concur.

## On Rehearing.

GARDNER, Chief Justice.

The foregoing opinion states the sums of money (something less than $1200) paid to Grace from time to time out of partnership funds were for "services rendered." This was an inadvertence. Under the contract each of the partners was to "diligently employ" himself in the business, with no salary for either.

The opinion was merely intended to answer the questions presented on the appeal. There was no intention to state an account between the partners. That was for future consideration, upon remandment of the cause. Nor did we intend to indicate that Grace rendered any more service to the partnership than did Dodge, who furnished funds for the enterprise as well as services. The money advanced to Grace was merely a withdrawal allowed by Dodge to assist in his living expenses. These funds are, therefore, to be accounted for upon final settlement, and will be so considered.

The opinion is modified in the respect indicated, and the application will be overruled.

Opinion modified; application overruled.

THOMAS, BROWN, and LIVINGSTON, JJ., concur.