31 So.2d 357

### BARKER v. BARKER et al.
### 6 Div. 508.

Supreme Court of Alabama.
June 26, 1947.

W. C. Rayburn, of Guntersville, for appellant.

324

Griffith & Entrekin, of Cullman, for appellees.

FOSTER, Justice.

Motion is made to dismiss this appeal because it was taken by one of two parties against whom the decree was rendered without taking it in the name of his codefendant, and the register did not issue notice to such codefendant to appear in the Supreme Court and unite in said appeal if he sees proper to do so, as required by section 804, Title 7, Code. But before the submission of this cause said codefendant did appear in this Court by attorney and joined in the assignments of error. This rendered unnecessary a compliance with the statute. Lane v. Henderson, 232 Ala. 122, 167 So. 270.

The motion to dismiss the appeal is overruled.

This proceeding was begun by the children of W. N. Barker, deceased, who was a child of N. G. W. Barker, deceased, by a bill in equity to sell land for division among tenants in common who were the heirs of the said N. G. W. Barker. The bill alleges that one of the parties, Ezra Barker,

had given a mortgage to W. N. Barker, deceased, and the amount of the mortgage should be ascertained and paid. By amendment, the adult complainant is alleged to be the administratrix of W. N. Barker, deceased, her father, and as such makes herself a party complainant, and seeks to subject to the mortgage debt the share of the respondent Ezra Barker in the proceeds of the sale to the satisfaction of the mortgage. This estate was removed into the same equity court.

S. J. (Jesse) Barker and J. E. (Ezra) Barker filed answer and cross-bill to which demurrer was sustained, and that decree was affirmed on appeal. Barker v. Barker, 245 Ala. 346, 17 So.2d 157.

On August 29, 1942, Jesse Barker was appointed administrator of the estate of Sarah M. Barker, the widow of N. G. W. Barker, deceased, and on April 13, 1944, that administration was also removed into said court. On May 11 1944, S. J. (Jesse) Barker, who was one of the respondents and heir of N. G. W. Barker, filed in this cause a petition as administrator of Sarah M. Barker seeking to intervene and alleging that during the life of N. G. W. Barker, he and his wife Sarah M. Barker, executed a mortgage on the land to Asa Bice for a loan of $700; and that at the time of his' death there was unpaid a balance of $416, on which Sarah, after the death of her husband, paid the interest for several years, and on May 6, 1941, she paid said balance in full and said mortgage was transferred and delivered to her. (But the evidence shows that it was marked paid and satisfied.) It sought to have the mortgage paid out of the proceeds of the sale of the land.

The testimony was taken by deposition and on final submission the court made a finding and expressed his opinion in full on the legal aspects of the contentions and decreed, among other things:

That the estate of Sarah M. Barker did not have such interest in the Bice mortgage as to justify her to relief by way of subrogation.

That relief be denied against the estate of Mrs. Barker for compensation claimed by certain heirs for the care and support of Mrs. Barker in her lifetime.

That the estate of Mrs. Barker has no interest in the Bice mortgage because of interest payments made by her during her lifetime.

That Jesse Barker be held to account to the other tenants in common for rents and profits for the years 1943, 1944, 1945 in the sum of $750.

That a reference to the register be ordered for a statement of accounts between the tenants in common and the interest of the respective parties in the land according to the decree of this Court, and for apportionment of court costs. The decree was dated May 14, 1946.- The register made his report May 24, 1946. There was a decree confirming that report dated June 10, 1946.

There was a motion to set aside the decrees of May 14th and June 10th. The court overruled the motion as to the decree of May 14th and sustained it as to the decree of June 10th, and ordered another reference.

On September 13, 1946, the register made another report on reference, to which exceptions were filed on September 19, 1946. On September 27, 1946, the court overruled the exceptions, and ordered distribution as there directed. From the decrees of May 14, 1946 and September 27, 1946, this appeal was taken on October 1, 1946.

We will discuss the questions argued in appellant's brief.

■■ Counsel for both parties treat the interest of Sarah M. Barker after her husband's death as a life estate, with remainder to his children. While in possession under such right, she kept the interest on the Bice mortgage paid. This was her duty, since she was entitled to receive the rents and profits during that time. Abney v. Abney, 182 Ala. 213, 62 So. 64; Garrett v. Snowden, 226 Ala. 30, 145 So. 493, 87 A.L.R. 216; Ward v. Chambless, 238 Ala. 165, 189 So. 890.

■■ Before she died she sold the timber on the land for $700, and used $400 of that money in paying the balance of the principal of the mortgage debt. The balance of $300 has not been accounted for, and is not involved in the contentions in this case. She had no right to sell the standing timber to make merchandise for her personal benefit, such as this occur-

**326**

rence was shown to be. Guest v. Guest, 234 Ala. 581, 176 So. 289; Jones v. Sandlin, 205 Ala. 67, 87 So. 850; Westmoreland v. Birmingham Trust Co., 214 Ala. 593, 108 So. 536, 46 A.L.R. 1201. Her right to cut and dispose of standing timber is limited and does not extend that far. 33 Amer.Jur. 820 et seq. Moreover, the mortgage covered the timber situated upon the land, and her sale of it and application of the proceeds to the mortgage debt did not give her any superior rights. There was no error in denying her administrator as intervenor any allowance out of the proceeds of the sale on account of paying $400 from the sale of the timber in payment of the balance of the Bice mortgage.

■ The second contention made is that Jesse Barker should be paid for his services in the care and keep of his mother, Mrs. Sarah M. Barker. But any claim which he might have against her estate has no place in the present litigation. Her administrator is a party to this suit only as an intervenor for the purpose of having her claim in respect to the Bice mortgage litigated. Section 247, Title 7; section 187, Title 47, Code; Ex parte Printup, 87 Ala. 148, 6 So. 418; Renfro v. Goetter, 78 Ala. 311, 314. If successful that would lead to a payment out of the proceeds of the sale of the land, in which her estate has no other interest. This proceeding does not involve a settlement of the claims against her which do not affect a distribution of the proceeds of the sale of the land. Barker v. Barker, 245 Ala. 346, 17 So.2d 157. It is not a controversy, equitable or legal, between the tenants in common, or those holding under them as contemplated by section 189, Title 47, Code.

■ But that principle does not exclude from consideration a settlement of the controversy of Jesse Barker with the estate of W. N. Barker, deceased, on account of a mortgage made to the latter by Ezra Barker whose interest in the estate has been transferred to Jesse Barker. This is a claim between some of the cotenants which a court of equity will adjust under the statute above cited, for the purpose of distributing the proceeds of the sale to those entitled to it on either legal or equitable principles.

The register found and reported a balance due on the mortgage of $341.59. The final report of the register was filed September 13, 1946.

On September 19, 1946, this appellant excepted to the finding and report of the register, which included this item, and such exception is in the following language: "to item 3 of $341.59 to Lillie Mae Barker, as administratrix of the estate of W. N. Barker, deceased, as balance due on mortgage of said decedent, which is not supported by the evidence in said cause." On September 27, 1946, the court overruled the exception and ordered a distribution of the funds according to the report of the register, including this item.

■ It appears that the report of the register was based on the finding and decree of the court of May 14, 1946, which is assigned as error. This finding of the court was supported by the evidence of Lillie Mae Barker. But the evidence of Jesse Barker is that Mrs. Sarah M. Barker paid $90 for him on the mortgage instead of $40 as shown by the evidence of Lillie Mae Barker. The trial court held that this evidence of Jesse Barker violated section 433, Title 7, Code. We agree that this evidence related to a transaction with W.N. Barker, now deceased, whose estate is interested in the result of this suit by one who also has a pecuniary interest in its result, and therefore it cannot be received under the statute. This evidence of Jesse Barker was attempted to be corroborated by Mr. Ellard who testified to a statement made by Mrs. Sarah M. Barker as to paying $90 to W. N. Barker for Jesse. But this is purely hearsay evidence and not competent. The controversy hinges on whether the credit should be $90. The finding and decree of the court, report of the register, and confirmation of the report as to this item are all free from error.

The next matter argued on behalf of appellant Jesse Barker relates to the charge made against him by the court in its decree of May 14, 1946, with the sum of $250 as rent for each of the years 1943, 1944 and 1945. That amount was agreed to be a reasonable sum if he is liable at all. His mother, Mrs. Sarah M. Barker, the life tenant, resided on the land until she died

June 12, 1942. Jesse Barker was living on it with his family under a rental contract with her for that year, and he has continued in possession to the present time, but without any other agreement as to paying rent. The next day after the life tenant died this bill was filed by two of the tenants in common, children of W. N. Barker, deceased, against Jesse Barker and the other tenants seeking a sale of the land for division among them as such tenants in common. Jesse Barker has been one of the chief contestants. This delayed the suit for about three years before the sale was made.

 The sale of the land by decree of the court dated June 16, 1945, was finally made on July 16, 1945 to Jesse Barker, and it has been confirmed. The subsequent proceedings relate to the distribution of the proceeds. Upon the death of the life tenant the remainderman became immediately entitled to the possession, and if there was a lease contract then outstanding with the life tenant it immediately terminated. Price v. Pickett, 21 Ala. 741; Terrell v. Reeves, 103 Ala. 264, 16 So. 54, subject to section 14, Title 31, Code. Throughout this litigation complainants were trying to get this land out of the possession of Jesse Barker to effect a sale for division, and he held up such right for three years. This was the assertion of their right to share in the possession, and was for the benefit of themselves and of the other cotenants during the period of this litigation, extending from June 13, 1942 to July 16, 1945, when the sale occurred. Ferris v. Montgomery Land & Improvement Co., 94 Ala. 557, 563, 10 So. 607, 33 Am.St.Rep. 146; O'Connor v. Brinsfield, 212 Ala. 68, 101 So. 679; Turner v. Johnson, 246 Ala. 114, 19 So.2d 397.

While Jesse Barker did not deny the interest of complainants and the others in the land, this is an adversary suit in which the rights of all parties are triable in respect to the land and the proceeds of sale. Thomas v. Skeggs, 218 Ala. 562, 119 So. 610. This properly includes a claim against one of the cotenants in possession for rent,—Spence v. Spence, 239 Ala. 480 (4), 195 So. 717,—especially on account of his occupancy pending the suit. The claim was made in the pleadings, and it became a controverted issue. This extended from the day after the death of the life tenant to the day on which the sale was made to Jesse Barker. There was no error in charging this to him in making the distribution.

Finding that appellant has pointed out no reversible error in the record, the judgment is affirmed.

Motion to dismiss the appeal overruled. Affirmed.

GARDNER, C. J., and LAWSON and STAKELY, JJ., concur.