(108 So. 536)

## WESTMORELAND v. BIRMINGHAM TRUST & SAVINGS BANK.
### (8 Div. 836.)

(Supreme Court of Alabama. May 13, 1926.)

1. **Gifts** ⟨=⟩49(4)—**Conveyance of life estate of father and guardian for nominal consideration, followed by conveyance of wards' remainder interest for value of fee, held to indicate gift of life estate to children.**

Where father conveyed his life estate in property for nominal consideration, and afterward, as guardian of his children, sold their remainder interest therein to same grantee for entire value of the fee, course indicated purpose to make gift of life estate to the children.

2. **Estoppel** ⟨=⟩2—**Guardian who had life estate held estopped to deny full proceeds of sale were received for wards' benefit by proceedings in probate court for sale of the land.**

Where guardian conveyed his life estate in property for nominal consideration, and by regular proceedings in the probate court sold wards' remainder interest for $8,000, which was entire value of fee, the judicial proceedings estopped him and his executor to deny that full proceeds were received as guardian for reinvestment for wards' benefit.

3. **Guardian and ward** ⟨=⟩163—**Agreed statement on guardian's settlement held not to show waiver of wards' right to entire fund received on sale of land.**

Agreed statement of facts, on settlement of guardian's accounts, admitting that amount received on sale of land in which wards owned remainder, and guardian a life estate, was entire value of land, did not show waiver of wards' right to whole fund, where it also admitted that entire fund was received by guardian as such, and reserved right to introduce records which showed such fact.

4. **Guardian and ward** ⟨=⟩114—**Guardian receiving full value of fee for wards' benefit on sale of their remainder interest cannot claim interest in fund or its use, notwithstanding previous conveyance of his life estate for nominal consideration.**

Where guardian received full value of fee on sale of wards' remainder interest in property for their benefit, he, or his personal representative, cannot claim property interest in fund or its use for life, notwithstanding he had previously conveyed his life estate in property for nominal consideration.

5. **Guardian and ward** ⟨=⟩147—**Estate of guardian is liable to account for income from reinvestment of funds received by him on sale for that purpose, or for interest thereon (Code 1923, § 8149).**

Where funds were received by guardian on sale of wards' land for purpose of reinvestment for benefit of his wards, his estate is liable to account for the income from reinvestment, or interest on funds, as justice of the case may appear, in view of Code 1923, § 8149.

6. **Life estates** ⟨=⟩13—**Sale of standing timber by life tenant is "waste," and he is liable therefor.**

Making merchandise of standing timber by life tenant is "waste," and he is liable to account therefor, whether committed actively or permissively.

[Ed. Note.—For other definitions, see Words and Phrases, First and Second Series, Waste.]

7. **Guardian and ward** ⟨=⟩157—**That guardian sold standing timber from wards' land rendered him prima facie liable for interest, notwithstanding he had life estate in land.**

Evidence on settlement of guardianship that guardian sold standing timber from lands in which he had a life estate, and his wards an interest in the reversion or remainder, prima facie rendered him liable for interest.

8. **Life estates** ⟨=⟩13.

Life tenant has no right of user for his life in funds derived from wasting inheritance.

9. **Appeal and error** ⟨=⟩926(5)—**On appeal, it will not be presumed that evidence was offered to contradict agreed statement of facts in record, notwithstanding bill of exceptions does not recite that it contains all the evidence.**

Where parties on guardian's settlement entered into agreed statement of facts, which reserved right to introduce certain record evidence, on appeal it will not be presumed that evidence was offered in contradiction of the agreed facts, or that court acted on different evidence, notwithstanding failure of bill of exceptions to recite that it contains all the evidence.

10. **Appeal and error** ⟨=⟩662(2)—**Recital of bill of exceptions that entire file in cause was offered treated as showing entire file offered, contrary not appearing, and there being no suggestion of diminution or error in record.**

Recital in bill of exceptions that appellant offered entire file in cause, followed by proceedings identifying themselves as parts thereof, or marked filed of same date, will be treated as showing entire file offered, nothing to contrary appearing, and no suggestion of diminution or error in record being made.

Appeal from Probate Court, Limestone County; Geo. Malone, Judge.

Petition of Marie Westmoreland against the Birmingham Trust & Savings Bank, as executor of the estate of Hawkins D. Westmoreland, deceased, praying that said executor be required to file accounts and vouchers for final settlement of the guardianship of testator of the estate of petitioner. From the decree on final settlement, petitioner appeals. Reversed and remanded.

Harry T. Smith & Caffey, of Mobile, and R. C. Brickell, of Huntsville, for appellant.

The fact that the bill of exceptions fails to recite that it contains all the evidence will not prevent a reversal. The Supreme Court will not entertain a presumption as to the ex-

istence of a fact excluded by what appears in the bill of exceptions. Lamar v. King, 168 Ala. 285, 53 So. 279; Code 1923, § 6432; Elliott v. R. M. C. & I. Co., 108 Ala. 640, 18 So. 689. The guardian is estopped from taking a position contrary to that shown by his petition for a sale of the land. Taylor v. Crook, 136 Ala. 354, 34 So. 905, 96 Am. St. Rep. 26; Eldridge v. Grice, 132 Ala. 667, 32 So. 683; Caldwell v. Smith, 77 Ala. 157; Hill v. Huckabee, 70 Ala. 183; 21 C. J. 1063; Ex parte Rice, 102 Ala. 671, 15 So. 450; Gunter v. Hinson, 161 Ala. 536, 50 So. 86; Wilson v. Knight, 18 Ala. 129; Owens v. Dunn, 85 Tenn. 131, 2 S. W. 29. Interest should have been charged upon money received from the sale of the land. Code 1923, § 8149; 21 Cyc. 87; Bryant v. Craig, 12 Ala. 354; Kyle v. Barnett, 17 Ala. 306; Owen v. Peebles, 42 Ala. 338; Thompson v. Thompson, 92 Ala. 545, 9 So. 465. Taking of the timber amounted to waste, and the guardian was chargeable with interest thereon. 40 Cyc. 508; Alexander v. Fisher, 7 Ala. 514; Moses Bros. v. Johnson, 88 Ala. 517, 7 So. 146, 16 Am. St. Rep. 58: Gassenheimer v. Gassenheimer, 108 Ala. 651, 18 So. 520.

Watts & White, of Huntsville, for appellee.

Where the bill of exceptions fails to show that it contains all the evidence, any state of evidence will be presumed to uphold the rulings of the trial court. Sou. Mut. Ins. Co. v. Holcomb, 35 Ala. 327; Lewis, etc., Co. v. Interstate Lbr. Co., 163 Ala. 592, 50 So. 1036; Lamar v. King, 168 Ala. 285, 53 So. 279; Amer. Trust Co. v. Hanna, 19 Ala. App. 301, 97 So. 154; Code 1923, § 6124; Yellow Pine Lbr. Co. v. Ala. St. Land Co., 171 Ala. 77, 54 So. 608. The probate court, in this case, is a court of general jurisdiction, and every reasonable presumption must be indulged in favor of the correctness of its rulings. Code 1923, § 9579 (7); Truett v. Woodham, 98 Ala. 604, 13 So. 519; Williams v. Gunter, 28 Ala. 681. The husband is entitled to curtesy in money received from the sale of the entire or whole interest in lands belonging to his deceased wife. In re Camp, 126 N. Y. 377, 27 N. E. 799; Jenkins v. Woodward Ir. Co., 194 Ala. 371, 69 So. 646. Although the life tenant has no right to sell timber from lands without consent of remaindermen, yet, having done so, he is entitled to the fund during his life. Cecil v. Cecil, 161 Ky. 419, 170 S. W. 973.

BOULDIN, J. The appeal is from a decree on final settlement of a guardianship in the probate court, made by the executor of a deceased guardian, and on the arrival of the ward at full age. Code, § 8207. The errors presented relate to failure of the court below to charge the deceased guardian, or his estate, with interest on certain funds received by him as guardian. H. D. Westmoreland, Sr., was guardian of his minor children, Marie Westmoreland and Hawkins D. Westmoreland, Jr.

The wards owned the remainder or reversion in residence property in the city of Selma, subject to the life estate of the father and guardian; title being derived through their deceased mother. The guardian, by regular proceedings through the probate court, sold the remainder interest of his wards in this property for reinvestment. In the petition for sale it was recited that the wards were deriving no income from the property; that it was not apt to enhance in value, and the improvements were likely to depreciate in value; that it would be greatly to the interest of the wards to sell the property and reinvest the proceeds for the benefit of the wards.

The decree of sale recited that it appeared from the deposition of Samuel A. Fowlkes it would be to the interest of said minors to sell the property for reinvestment of the proceeds in bonds, notes, or bills of exchange at interest on mortgage security. The property was bought by Samuel A. Fowlkes at and for the sum of $8,000 cash. Throughout the proceedings the remainder interest of the wards was the property sold and purchased at the price stated. In the account filed by the executor for final settlement, $8,000, the purchase price of this land, was entered among the receipts, with the following:

"Note: Mrs. Lucile Westmoreland, wife of H. D. Westmoreland, Sr., owned at the date of her death, a vested remainder in the above realty. Dr. H. D. Westmoreland survived his wife, and at the date of the sale of said realty had an estate by the courtesy in the same, and was, therefore, entitled to the use of the proceeds of said sale for his life, and is not chargeable with interest on said fund."

On the hearing an agreed statement of facts signed by counsel was filed and submitted, the eleventh paragraph of which reads:

"Eleventh. That said $8,000 received for the house and lot in Selma, Ala., represents the entire value of the fee in said premises, and that said $8,000 was paid for the entire interest in said premises, and that said $8,000 and the said $321.43, and the sums mentioned as having been received from the sale of timber, are all monies received by the said H. D. Westmoreland, Sr., as guardian for the said Marie Westmoreland and the said Hawkins D. Westmoreland, Jr."

[1, 2] By the fourteenth paragraph it was stipulated that either party could introduce the record of proceedings and the record of any deed affecting title to the property. On the same date was filed the record of a deed from Hawkins D. Westmoreland, the surviving husband, to Samuel A. Fowlkes, conveying his life estate in the same property on a recited consideration of $1. This deed bears date a few days prior to filing the petition to sell the lands. It seems clear enough from the record, including agreement of counsel, that Fowlkes purchased the absolute title to

the property, acquiring the life estate by deed from the surviving husband and father of the wards, and the remainder interest of the wards from him as guardian through the judicial sale. To this end the entire purchase price of $8,000 was paid for the remainder interest, and the deed made on a nominal consideration. Did this entitle the guardian to have the use of the proceeds of sale for life in lieu of his life estate, and relieve his estate from liability for interest? We think not. In the first place, it does not appear the father intended any such result. The course pursued indicates a purpose to make a gift of his life interest to his children, much as if he had deeded such interest to them and then sold the entire fee as guardian. The method employed was to surrender the life estate that the full value should be bid for the remainder, interest. But, whatever the intent, he and his executor are estopped by the judicial proceedings had at his instance to deny the full proceeds of sale were received by him as guardian for the purpose of reinvestment for the benefit of the wards.

[3, 4] The agreed statement of facts does not warrant the conclusion that there was any waiver of the rights of the wards. While admitting the $8,000 represented the entire value of the lands, it further admits he received the entire fund as guardian, and reserves the right · to introduce the records showing conclusively such fact. The agreement merely submits the whole facts for a ruling upon the legal rights of the parties arising therefrom. It follows the guardian, or his personal representative, cannot claim a property interest in this fund or its use for life.

[5] It became funds in the hands of the guardian for reinvestment at the date of its receipt, subject to the same fiduciary obligation of the guardian as other funds so held. The estate of the guardian is liable to account for the income from reinvestment, or interest on the funds, as the justice of the case may appear having regard to the trust relation between guardian and ward. Code, § 8149; Thompson v. Thompson, 92 Ala. 545, 9 So. 465; Owens v. Peebles, 42 Ala. 338; Bryant· v. Craig, 12 Ala. 354. The same rules apply to the funds received by the guardian on account of timber sold from lands in which he had a life estate and his wards an interest in the reversion or remainder.

[6] Making merchandise of standing timber by a life tenant is waste. He is liable to account therefor, whether committed actively or permissively. This rule is subject to certain incidents of the life estate in the matter of clearing lands for cultivation and marketing timber removed.

[7] It is admitted the funds here were received by the guardian, as such, for timber sold. Prima facie, this rendered him liable for interest, and cast on the executor the burden of showing more than that he had a life interest in the lands.

[8] We cannot subscribe to the doctrine that a life tenant, notwithstanding the funds are derived from wasting the inheritance, has the right of user for his life. Such notion rewards the wrongdoer for his wrong. 'It would invite waste by depleting the inheritance of valuable timbers. The fault of the argument in favor of allowing such use of funds for life is in a misconception of the incidents of the life estate with reference to growing timber.

The case may be different if the life tenant collects for a trespass by a third person, or collects the share of himself and wards on accounting by cotenants for timbers disposed of without any wrongful participation of the life tenant. These questions are not here presented. Appellee insists that in the present state of the record these questions cannot be reviewed, invoking the rule that we cannot review the conclusions of fact when the record does not show all the evidence heard by the lower court. The bill of exceptions does not in express terms recite that it contains all the evidence.

Here there is an agreed statement of facts. It sets forth all the jurisdictional facts leading to the settlements, lists the several items of funds received by the guardian, their source and date, lists articles of jewelry in the hands of the guardian, and leaves open an issue as to ownership of same. The final decree shows this issue was eliminated by later agreement of parties.

[9] The agreed statement of facts closes by reserving to the parties the right to introduce certain record evidence. The plenary scope of the agreement, naming things not agreed upon, and defining the further testimony to be offered, was intended, we think, in connection with the records mentioned, and evidence on the issues left open touching the jewelry, to constitute the evidence on which the cause was heard. Moreover, we will not presume that other evidence was offered in contradiction of the facts agreed upon as shown by the record.

The executor having claimed immunity from an interest charge on a named ground, the parties having stipulated the facts touching that claim, with nothing to indicate incompleteness therein, it would be an unwarranted stretch of the rule to presume the court had, and acted upon, wholly different evidence.

[10] The recital in the bill of exceptions that appellant offered the entire file in the cause, followed by the several proceedings identifying themselves as parts of the file, or marked filed of same date, will be treated as showing the entire file offered, nothing to the contrary appearing, and no suggestion of diminution or error in the record being made.

The recital in the decree that the findings are upon evidence adduced will, in the state of the record, be referred to the evidence shown therein, and not as indicative of other and different evidence.

Reversed and remanded.

ANDERSON, C. J., and SOMERVILLE and THOMAS, JJ., concur.