163 So. 898

### SLOSS-SHEFFIELD STEEL & IRON CO. v. COOSA LAND CO.

7 Div. 328.

Supreme Court of Alabama.

Oct. 17, 1935.

Bradley, Baldwin, All & White, of Birmingham, and Roger C. Suttle and O. R. Hood, both of Gadsden, for appellant.

Goodhue & Lusk, of Gadsden, for appellee.

KNIGHT, Justice.

Bill by complainant, Coosa Land Company, to define and establish an uncertain and disputed boundary line between the lands of the complainant and the respondent, the Sloss-Sheffield Steel & Iron Company.

It is conceded, we conclude from appellant's brief, that the bill as amended contains all necessary jurisdictional averments, but objection is taken by demurrer that the bill as amended is defective, in that it does not attempt to describe the true boundary line between the lands of complainant and respondent, nor does it aver that this line was unknown.

Objection is also made to the bill by demurrer, that the lands of the respondent are not described, and, further, that the bill as amended contains no sufficient data to aid the court in defining and establishing the true boundary.

The court below took the opposite view as to the sufficiency of the bill as amended, and overruled the respondent's ·demurrer. From this interlocutory decree, the present appeal is prosecuted. We are here in accord with the court below.

In actions of ejectment, it is provided by statute, section 7457, that a defendant, within pleading time, or within thirty days before the case is called for trial, and after notice to the plaintiff, or his attorney of record, of his purpose to do so, may file his suggestion in writing that the suit arises over a disputed boundary line, in which suggestion he shall describe the location of the true line.

It will be noted that the above provision is new to the Code of 1923.

In the case of Smith v. Bachus, 195 Ala. 8, 70 So. 261, which was a statutory action of ejectment, and was decided before the adoption of the present Code section amending section 3843 of the Code of 1907, it was pointed out that, while not required by the statute, the "suggestion of the court" should point out the true boundary line between the lands of the plaintiff and defendant, to aid the court in expeditiously making up the issue to be submitted to the jury. As pointed out above, the statute, since the decision in the Smith v. Bachus

Case, supra, has been amended, and it is now mandatory upon the defendant in actions of ejectment, when it is sought to have a disputed boundary line determined, to describe in his "suggestion" to the court the location of the true line.

In the case of Smith et al. v. Cook, 220 Ala. 338, 124 So. 898, 899, it was said: "It may be true that in such a suit the bill should point out the true boundary line as is necessary in framing an issue of such nature at law under section 7457, Code." Smith v. Bachus, 195 Ala. 8, 70 So. 261. And the final decree of the court should describe the true boundary line with reasonable particularity. Alverson v. Floyd, 219 Ala. 68, 121 So. 55; Hopkins v. Duggar, 204 Ala. 626, 87 So. 103. But we do not think such averment is jurisdictional, and, in the absence of a demurrer on that ground, relief should not be denied. On decree pro confesso, the court could adjudge that there is a disputed boundary and take the proper steps to fix it and render decree after that had been done.

In the Smith v. Cook Case, supra, there was no demurrer pointing out the failure of the bill to describe the true boundary line, but in the present case there is such a demurrer.

If it be conceded, as argued by·counsel for appellant, that this court in the Smith v. Cook Case, supra, intended to commit itself to the proposition that, to be sufficient against an apt ground of demurrer, the bill should point out the·true boundary line between the lands of the litigating parties, the question then is: Does the bill in the present case point out with reasonable certainty the true boundary line between the lands of complainant and the respondent? We think it does on a fair consideration of the bill, as last amended.

The bill in no uncertain terms gives an accurate description, by metes and bounds, courses and distances, of the complainant's lands. This description shows the north, east and. west boundaries of the lands claimed to be owned by the complainant. And the bill as amended avers that the respondent "owns certain lands which adjoin the said property owned by orator on the west, north and east sides thereof, and orator avers that the boundary lines between orator's said property and the said property of respondent are disputed between orator and respondent." The complainant in setting forth, as it does in its bill, the north, east, and west lines of its property, thereby

necessarily fixes those lines as the boundary between its property and that of the respondent.

With the data given in the bill, as amended, the following drawing shows the lands of the complainant, and traces the north,

east, and west boundaries where the same touch the lands of respondent.

A surveyor should have no trouble in tracing, from the data given in the amended bill, the north, east, and west boundaries of the lands claimed by complainant, and, therefore, to determine the exact location thereof with respect to the lands of the adjacent owner.

■ As we construe the averments of the amended bill, the complainant has pointed out the true boundary lines between its lands and the lands of the respondent, as contended for by the complainant, and the bill as amended was not subject to the respondent's demurrer.

■ The bill presents a case for equitable relief. Clarke v. Earnest, 224 Ala. 165, 139 So. 223.

It follows, therefore, that the decree of the court a quo is due to be affirmed.

Affirmed.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.