185 So. 737

### TEAL et al. v. MIXON.

#### 4 Div. 45.

Supreme Court of Alabama.

Dec. 22, 1938.

Rehearing Denied Jan. 26, 1939.

Simmons & Simmons, of Opp, for appellants.

J. N. Mullins, of Dothan, for appellee.

GARDNER, Justice.

Following the ruling on pleading outlined on former appeal (Teal v. Mixon, 233 Ala. 23, 169 So. 477), the cause pro-

ceeded to trial on the merits, resulting in a decree denying complainants relief, from which decree the present appeal is prosecuted.

Complainants are the only heirs at law of Mary Teal, deceased, and by this proceeding seek to protect their remainder interest in the real estate described in the bill, which, they insist, was the property of their mother, said Mary Teal, and sold by their father who had at the time, by virtue of the statute (section 7376, Code 1923), only an estate for life therein.

Complainants' testimony tends to show a deed in 1897 to Mary Teal from one Curry to the property here involved, and first a rental to Amos Register, a former slave; and, in 1898, a sale of the land by their father (following the death of Mary Teal) to Amos Register. While complainants' proof tended to show Register was first in possession as tenant of Curry, yet defendant's proof tended to show his possession was that of purchaser from Curry and under claim of ownership.

Defendant, Mixon, claims title through said Register, and his testimony tends to show that Register purchased likewise from the same Curry who conveyed to Mary Teal. But his proof further tends to show that this purchase by Register was long prior to any alleged sale to Mary Teal, and that Register had occupied the land, cultivated it and claimed it adversely under such purchase for a period of twenty years prior to any sale by Curry to Mary Teal.

The case in its last analysis presents an issue of fact, a detailed discussion of which would serve no useful purpose. Section 10336, Code 1923; Griswold v. Duke, 224 Ala. 402, 140 So. 427.

Suffice it to say the evidence has been read and studied with painstaking care, and considered in the light of the helpful brief of counsel for the respective parties and the opinion of the chancellor, which accompanies his decree.

There are circumstances shown by the proof difficult to understand, and suffice to cause the judicial mind to waver in its decision: the deed of Mary Teal among papers found in possession of Register's widow, and the deeds to Register by David Teal, complainants' father, made in 1899 and 1901. But there is much proof to show there was also a deed from Curry to Register, from which the description was taken

in preparing the mortgage to defendant, Mixon, made in 1910: that Register, who was in possession of the land, claimed to have purchased from Curry, and that such purchase took place many years before any deed from Curry to Mary Teal, though no witness gives the date of the deed from Curry to Register.

As previously observed, Register was a former slave, and before moving on the land here involved is shown to have owned and lived on a place in Florida, and claimed twenty additional acres adjoining across the state line into Alabama. He was evidently industrious and ambitious for an independent livelihood. Whether he was imposed upon by his superiors in some of the transactions, or paid any money to settle any claim of title, is speculative and a mere surmise so far as concerns this record.

But whatever may be the uncertainty in this regard, we think the learned chancellor has, in his opinion, pointed to the vital and controlling feature of the testimony, when he says: "One thing, however, is outstanding from the testimony and evidence in this case, and is proven overwhelmingly by the testimony in this case, and that one thing is that the ex-slave, Amos Register, went into the possession of the lands involved in this suit immediately following the Civil War and remained in the exclusive possession and control of it and claimed it as his own until he died in 1904, and that his wife and widow, Matilda Register, and at least some of the children of Amos Register and Matilda Register, continued in the exclusive possession of it and claimed it as their own after the death of Amos and until the respondent foreclosed his mortgage on said land in the year 1916, and that respondent, under and by virtue of the foreclosure of his mortgage given by Matilda and some of the children of Amos and Matilda to respondent in 1910, has remained in the exclusive possession of said land and claimed it as his own up until the filing of the bill in this case. The foregoing proven and established facts, it is the opinion of the court, constitute a sufficient reason for refusing relief to the complainants in this case."

After a study of the evidence, we are persuaded the chancellor has reached the correct conclusion and we concur in the foregoing extract of his opinion. Further comment we deem unnecessary. Complain-

ants have failed to establish title in Mary Teal, and relief was properly denied them. The decree will stand affirmed.

Affirmed.

ANDERSON, C. J., and BOULDIN and FOSTER, JJ., concur.

On Rehearing.

PER CURIAM.

Application overruled.

GARDNER, THOMAS, BOULDIN, and FOSTER, JJ., concur.