49 So.2d 154

**REID et al .v. SAUNDERS et al.**

**4 Div. 609.**

Supreme Court of Alabama.

Oct. 26, 1950.

Rehearing Denied Dec. 14, 1950.

Crews Johnston, of Clayton and Cope & Cope of Union Springs, for appellees.

Archie I. Grubb and Clayton & Le-Maistre, all of Eufaula, for appellants.

BROWN, Justice.

Homer V. Saunders, a resident of Barbour County, Alabama, departed this life July 18, 1931, leaving a last will and testament, thereafter admitted to probate in which he made the following bequest, here pertinently important, among others:

"Item 2. I give, devise and bequeath to my beloved wife Lessie Fenn Saunders,

all merchantable timber of every kind and description owned and possessed by me at the time of my decease.

"Item 3. I give, devise and bequeath to my said beloved wife, Lessie Fenn Saunders, for her natural life, all other real estate of which I may die seized and possessed, and at her death the same to Mary Holmes and Emmett Holmes, share and share alike, and at their respective deaths the respective share of each to go to Mrs. Viola Reid Blair, G. C. Reid and Maggie Reid, their heirs and assigns, share and share alike, * * *."

The bill to which the respondents' demurrer was sustained was filed August 31, 1949, by G. C. Reid, Viola Blair and Lena Anderson, alleging that, "Complainants are the joint owners of the remainder or reversion interest in and to the following described lands in Barbour County, Alabama, towit" (describing the land by government survey numbers and otherwise; 1615 acres), against Lessie Fenn Saunders, Mary Holmes, Emmett Holmes, M. E. Hudson, and others named in the bill. The bill further alleges:

"That said lands were owned in fee simple by Homer V. Saunders during his lifetime. That Homer V. Saunders died on or about July 18, 1931, leaving a last will and testament which was duly admitted to probate on August 20, 1931, by the Probate Court of Barbour County, Alabama. That by said will the said Homer V. Saunders devised said lands to your complainants subject to a life estate in respondent, Lessie Saunders, followed by life estates in respondents, Mary Holmes and Emmett Holmes. That by said will the said Homer V. Saunders also gave to his wife all the merchantable timber on said lands at his death, specifying no time in which said timber should be cut and removed. (Copy of will attached).

"That said lands were and are mainly timber lands, there being extensive woods of a variety of trees. That the value of said lands consisted chiefly of the valuable timber growing thereon. That at the death of Homer Saunders in 1931 there was some merchantable timber on said lands and that since that time great amounts of timber have become merchantable by growth. That said trees were of great value and in a course of years would become of much greater value."

The bill further alleges that Lessie Saunders went into possession of said land at the death of said testator and has at various times since 1931 cut and removed, sold or disposed of great amounts of the timber on said lands, the most recent cutting being in the month of August, 1938; that Mary Holmes and Emmett Holmes "connived in or consented to said cutting."

The bill alleges by way of conclusion that Lessie Saunders was entitled only to the timber on said land that was merchantable at the death of Homer Saunders on July 18th, 1931, and had only a reasonable time from said date within which to cut and remove the same. That any timber which became merchantable after July 18, 1931, was part of the reversionary or remainder interest and was not the property of said Lessie Saunders; that all timber not cut within a reasonable time after the death of said Homer V. Saunders became the property of complainants. That any growth of the trees and timber that was merchantable on July 18, 1931, and not cut until later was the property of complainants. That the complainants have demanded or requested that said Lessie Saunders account to them for all timber cut by her on her authority. The bill seeks and prays that "Said respondents be made to account for all and every sum of money had, received, or taken by them or any of them or by any other person or persons by their order or for their use, for or on account of the sale and disposition of the timber trees cut or sold by them or by their order, other than such amounts of timber as are found to have been merchantable at the death of said Homer Saunders on July 18, 1931, and that such sums of money, with interest to date, as shall upon such account appear to have been received by said respondents, or any of them, from, said cutting, selling, or removing of said timber, other than that which was merchantable on July 18, 1931, be decreed by this Honorable Court to be paid over to complainants; and that respondents or any

of them, be restrained by injunction of this Honorable Court from cutting, selling, removing, or impairing any timber trees standing and growing on said lands and from committing any further waste thereon; and that respondents be required to pay to complainants such sum of money as the Court finds to be fair and equitable for the waste committed by such respondents on said lands."

This appeal is from the decree of the court sustaining the demurrer to the bill as amended with the observation. "The court is of opinion that many grounds of demurrer were well taken and many are of no force and effect. They go to the bill as a whole and hence if one is good should be sustained."

The complainants' (appellants here) contention is that they took under said Item 3 of the will a vested fee in remainder; that respondent took a fee simple title to the merchantable timber standing on the land on July 18, 1931, with a limited right to remove same "within a reasonable time" which has expired and the title to said timber reverted to the estate in remainder devised to complainants. They further contend that if any of the merchantable timber on July 18, 1931, was not cut and removed within a reasonable time, complainants are entitled to the increase in quantity and value through growth of the timber between the mentioned date and the date of cutting.

■ The appellees contend, on the other hand, that Lessie Fenn Saunders took a fee simple title to the merchantable timber standing on the land at the date of testator's death and that by the bequest to her for her "natural life" of "all other real estate of which I may die seized and possessed," she took a life estate, not only in the land, but also a life estate in all the other timber standing and growing on said land; that her right to cut, remove or dispose of said "merchantable" timber was limited only by the duration of her estate in the land. We are of opinion that appellees' contention that the merchantable timber on the land at the time of testator's death was limited only "by the duration of her estate in the land" is fully supported

by § 14, Title 47, Code of 1940, which provides:

"Every estate in lands is to be taken as a fee simple, although the words necessary to create an estate of inheritance are not used, unless it clearly appears that a less estate was intended."

From Item 3 of the will, which immediately follows, the intention of the testator is made clear, that by Item 2 he intended to vest in his wife a fee simple title to "all merchantable timber of every kind and description", owned by him at the time of his death and considered in the light of the allegations of the bill, treated as true and construed most strongly against the pleader, he intended to vest in his wife a life estate in the land, giving substance and support to the timber devised by Item 2 without limitation for its disposal, except by the life estate in the land.

■ We are of opinion that §§ 46 and 49, Title 47, Code of 1940, are not applicable to a devise or conveyance in which there is no severance or separation of the timber rights from the soil on which the timber stands, where both elements are vested and remain in the same person. Sections 46 and 49 were enacted to meet the ridiculous situation and the unsettled state of the law arising from the decision in Zimmerman Mfg. Co. v. Daffin, 149 Ala. 380, 42 So. 858, 9 L.R.A.,N.S., 663, 123 Am.St.Rep. 58, as illustrated in the opinions rendered by the Justices in Wisconsin-Alabama Lumber Co. v. Sewell, 222 Ala. 696, 134 So. 9, where there was a severance in ownership of the timber and the land on which it was standing. Henry et al. v. White, 218 Ala. 175, 176, 118 So. 174.

■ Taking the allegations of the bill as true, yet construing them most strongly against the pleader, said lands were valuable only for the purpose of growing timber and making periodical sales of the timber crops from said lands and fall within the doctrine well established and illustrated in our recent decision in First National Bank of Mobile v. Wefel et al., 252 Ala. 212, 40 So. 2d 434.

Before treating the ruling of the court on the demurrer more specifically we note

that the bill alleges that Saunders, the testator, owned the lands described in the bill during his lifetime, but it fails to allege that he died seized and possessed of the same.

We are of opinion that grounds 19, 20, 21, 22, 23, 24, and 26 of the demurrer are well taken and the circuit court did not err in sustaining the demurrer.

The complainants are granted 30 days from the filing of the mandate issued by the Clerk of this Court within which to amend the bill if they are so advised.

Affirmed.

LIVINGSTON, SIMPSON and STAKELY, JJ., concur.