52 So.2d 506

**FINERSON et al. v. HUBBARD et al.**

6 Div. 10.

Supreme Court of Alabama.

May 10, 1951.

Hayden & Hayden, of Birmingham, for appellees.

Ross, Ross & Ross, of Bessemer, for appellants.

STAKELY, Justice.

This is a statutory action in ejectment for 1½ acres of land located near Dolomite in Jefferson County, Alabama. The plaintiffs are Mattie Cora Young and Dora Finerson. The defendants are Melvin Hubbard, Roy Hubbard and Lois Wright Foster. Trial of the cause resulted in a verdict and judgment for the defendants. This suit was filed on the 15th day of September, 1948.

The plaintiffs claim the property sued for as the sole heirs at law of Dave Bell who died in 1911. Tendencies of the evidence show that he received a deed to the property on May 23, 1887.

The defendants claim title to the land under a claim of purchase in 1937 or 1938, the entry into possession at that time and a continuous holding thereafter by adverse possession. The defendants also claim by virtue of a deed made to them by the Land Commissioner of Alabama on March 6, 1940 and continuous adverse possession thereafter.

■ Tendencies of the evidence show that the defendants entered into possession of the property in 1937 or 1938 and have since that time held adverse possession of the property. The proof tends to show that the defendants received a deed from the State to the property at the time they purchased in 1937 or 1938. The deed was not introduced in evidence. There was no effort to account for its absence or to prove the description contained therein. It cannot be said that there was proof of a certain and adequate description either by reference to the deed or by secondary evidence of the description contained therein. In fact the proof shows that the defendants were uncertain as to what property they received under the deed and for that reason made the pur-chase from the state in 1940. To operate as color of title a deed must adequately describe the land in controversy and where it does not so describe the land it does not constitute color of title as to such land. Lathem v. Lee, 249 Ala. 532, 32 So.2d 211; Stephens v. Bowen, 209 Ala. 417, 96 So. 331; Hale v. Tennessee Coal, Iron & R. R. Co., 183 Ala. 507, 62 So. 783. Nor was there proof of the assessment for taxes of the property as required by § 828, Title 7, Code of 1940. Accordingly the defendants did not comply with the requirements of § 828, Title 7, Code of 1940, in their effort to show adverse possession from 1937. Lowrey, v. Mines, 253 Ala. 556, 45 So.2d 703; Cox v. Broderick, 208 Ala. 690, 95 So. 186.

■ The suit originally was for about 3½ acres. There was a disclaimer by the defendants as to the property sued for except as to 1½ acres which then became the subject of the litigation. It is argued that the result of this situation was to create a boundary dispute between the plaintiffs and the defendants and therefore under the express provisions of § 828, Title 7, Code of 1940, the requirement of color of title or assessment for taxation became inapplicable. It is sufficient, however, to say that there was no suggestion as required by § 942, Title 7, Code of 1940, that the suit arose over a disputed boundary line with the further suggestion describing the location of the true line. Since this suggestion was not made as required by the statute, we cannot regard the suit as a boundary line suit, dispensing with the requirements of color of title or assessment for taxation as pointed out above. See Pennington v. Mixon, 199 Ala. 74, 74 So. 238; Sloss-Sheffield Steel & Iron Co. v. Coosa Land Co., 231 Ala. 134, 163 So. 898.

■ In view of what has been said to this point it was error for the court to refuse the affirmative charge requested in writing by the plaintiffs and to give to the jury charges 5 and 8 requested in writing by the defendants.

■ But it is earnestly insisted that the giving of charges 5 and 8 at the worst

was error without injury and the plaintiffs were not entitled to the affirmative charge by reason of the following. Tendencies of the evidence show that the land was sold for taxes on June 5, 1930 and bought in by the State of Alabama. The state held the property until March 6, 1940 when it sold the property to the defendants and executed a deed to them therefor in consideration of the sum of $76.00 paid by them. Tendencies of evidence further show that from the time the defendants received the aforesaid deed they were in adverse possession of the property until the present suit was filed. It is claimed that by virtue of § 295, Title 51, Code of 1940, the plaintiffs are barred from recovery of the real estate. Plaintiffs attempted to show that the sale made by the state was void by reason of noncompliance with statutory requirements. It is sufficient as to this contention to say that this is not an answer under the statute as it is now worded. Bobo v. Edwards Realty Co., 250 Ala. 344, 34 So.2d 165; Odom v. Averett, 248 Ala. 289, 27 So.2d 479. The fact that the land was purchased from the state does not change the result. Lindsey v. Atkison, 250 Ala. 481, 35 So.2d 191.

We would uphold the contention with reference to the bar of the action set up by § 295, Title 51, Code of 1940, except for tendencies of the evidence which must be now considered.

When Dave Bell died in 1911 he left three children, Mattie Cora Young and Dora Finerson, referred to above. Albert Bell, his son, was also living at that time and was originally a party plaintiff to this action. After this suit was instituted Albert Bell died intestate, leaving Mattie Cora Young and Dora Finerson as his sole heirs. His name was stricken as party plaintiff by amendment. But Dave Bell also left a widow. The three children, which have been mentioned, were the children of Dave Bell and Emma Bell. Emma Bell died before Dave Bell and several years after the death of Emma Bell he married Mary who became in this way the stepmother of his children. Two or three years after Dave Bell's death in 1911 Mary Bell married a man named Philpot. Mary lived on the land here involved four or five years after Dave's death and then went to Georgia, renting the house out to tenants. Thereafter Mary Philpot and her husband came back and reoccupied the premises in 1924 and tore the house down in 1935 or 1936. They lived on the premises up to a short time before the house was torn down. Mary Philpot is now dead but tendencies of the evidence show that she had charge of the property in 1928, 1929 and 1930. After that time she died, it not appearing from the evidence as to just when she died. One witness testified that five years prior to the trial he heard that she was dead.

The property was sold for nonpayment of taxes in 1929. This was the sale at which the state purchased the property. The record shows that for the year 1929 the property was assessed by one Cora Sankfield. Why the property was so assessed does not appear.

 Tendencies of evidence show at the time of his death in 1911 the property was occupied by Dave Bell as his homestead and it was all the real estate which he owned. It was obviously less in area than 160 acres and there are tendencies of evidence showing that its value was less than $2,000. Upon the death of Dave Bell the legal title to the real estate descended to his heirs at law subject however to the homestead exemptions of the widow. This homestead right of the widow is determined by the law in force at the time of the death of the husband. O'Rear v. Jackson, 124 Ala. 298, 26 So. 944. The property was never set apart to the widow Mary nor was there any ascertainment of the insolvency of his estate. Under the circumstances Dave Bell's widow Mary became entitled to the use and possession of the homestead for and during her lifetime and at her death it reverted to the surviving children. Craig v. Root, 247 Ala. 479, 25 So.2d 147; §§ 4196 and 4198, Code of Alabama of 1907, Code 1940, Tit. 7, §§ 661, 663. The surviving children of Dave Bell are the plaintiffs in this suit.

■ It is expressly provided by § 276, Title 51, Code of 1940 that a tax sale of real estate shall not convey the right, title or interest of any reversioner or remainderman therein. Furthermore it is expressly provided in § 295, Title 51, Code of 1940 that what has been called the "short statute of limitations" has no application to cases where real estate is sold which is not the subject of taxation. Clearly whether it was the duty of Mary Philpot or perhaps Cora Sankfield or someone else to pay the taxes, it was not the duty of these plaintiffs to pay the taxes during the life of Mary Philpot and no sale made for nonpayment of taxes due during her lifetime could affect their rights. Gunter v. Townsend, 202 Ala. 160, 79 So. 644; State v. Clarke, 240 Ala. 362, 199 So. 543; §§ 276 and 295, supra.

■ It is therefore no answer to say that it was error without injury to submit to the jury the issue of adverse possession of ten years, since the verdict of the jury for the defendants cannot be predicated on a finding under the three year statute of limitations. In order to leave no room for misunderstanding, the three year statute of limitations is not applicable because the tax proceedings which culminated in the deed from the state were based on the nonpayment of taxes for 1929 when Mary Philpot was alive. The ten year statute of limitations would not begin to run against the plaintiffs who were remaindermen until the death of Mary Philpot. Bishop v. Johnson, 242 Ala. 551, 7 So.2d 281. The date of her death was not shown. If such date was less than ten years prior to the institution of this suit, then this would be an additional reason why charges 5 and 8 should not have been given. Under all the evidence the plaintiffs were entitled to the affirmative charge which was refused them.

For the errors indicated the judgment of the lower court is reversed and the cause is remanded.

Reversed and remanded.

LIVINGSTON, C. J., and FOSTER and LAWSON, JJ., concur.