55 So.2d 135

## ROANOKE–GOODWATER PINE CO. v. CANNON.

### 5 Div. 333.

Court of Appeals of Alabama.
Oct. 2, 1951.

Rehearing Denied Oct. 23, 1951.

Wilbanks & Wilbanks, Alexander City, for appellant.

Teel & Teel, Rockford, for appellee.

HARWOOD, Judge.

This is a suit in detinue for recovery of certain logs and trees cut down by the plaintiff on lands of the defendant.

The cause was submitted to the court on stipulated facts and without the intervention of a jury.

The court rendered a judgment for the defendant, and plaintiff below timely perfected its appeal to this court.

The defendant and his wife in March 1948 deeded to A. H. Bell all of the timber of certain sizes located on some of defendant's land. This deed contained a clause however to the effect that: "The rights and privileges here granted shall continue for two years from the date hereof; and all timber here conveyed, which is not cut and removed within said period, shall revert to the grantors."

The plaintiff later acquired the rights and interests of Bell in and to said timber.

The following are the pertinent stipulated facts upon which this case was submitted to the court:

"3. That prior to the expiration of two years from the date of deed by defendant and wife A. H. Bell, the plaintiff cut and removed all of the standing timber described in said deed except 44,023 feet, which 44,023 feet of standing timber was cut down (a portion thereof falling free from the stump, the remainder thereof remaining partially attached to the stump), but not cut up into logs nor removed from the land on which the same was cut.

"4. That the 44,023 feet of timber remained in the condition described in Paragraph 3 above at the expiration of two years from the date of deed by James P. Cannon and wife to A. H. Bell.

"5. That neither James P. Cannon nor any other person interfered in any way with the cutting, logging, manufacturing, or removal of the timber during the two-year period provided in the deed from defendant and wife to A. H. Bell.

"6. That although the plaintiff, acting by its agent or agents, for some three months before the expiration of the two-year period from date of defendant's deed to A. H. Bell endeavored to obtain from defendant an extension of time for cutting and removing the said timber, that none was granted, and further that neither the defendant nor any person acting for him, in any way, led plaintiff into thinking that additional time for removal would be given.

"7. That after the expiration of two years from date of the deed by defendant and wife to A. H. Bell, defendant cut said fallen trees into logs and removed the same from the lands described in said deed from defendant and wife to A. H. Bell, and sold the same."

Decisive of the correctness of the conclusion of the lower court is the principle now established by our decisions that under the facts as disclosed in this case the plaintiff does not have possession, or the right to immediate possession of the timber sued for. McGill v. Holman, 208 Ala. 9, 93 So. 848, 31 A.L.R. 941; Long v. Nadawah Lumber Co., 202 Ala. 523, 81 So. 25.

■ Without this right the plaintiff cannot maintain his action of detinue. See Ala. Dig., Detinue, ☞5, for innumerable authorities.

■ The lower court's judgment must further be affirmed because of the operative effect of Section 49, Title 47, Code of Alabama 1940.

The only interest acquired in the timber by the plaintiff is necessarily the interest possessed by plaintiff's grantor, A. H. Bell. By virtue of the reversionary clause appearing in the deed from the defendant to Bell, the interest in the timber acquired by Bell was a base or qualified fee, subject to a defeasance upon the expiration of a period of time of two years from the date of the deed. See Farr et al. v. Perkins et al.; 173 Ala. 500, 55 So. 923.

Under the provisions of the reversionary clause the timber not cut *and removed* was to revert to the grantor defendant. This provision is sufficient to defeat plaintiff's title to the timber in whatever form it may have been at the expiration of the two year period, that is whether standing, or cut but yet attached to the stump, or cut and actually free of the stump; for the reversion, by the clause, applied to timber not cut *and removed*. It matters not therefore whether the timber be viewed as a fixture, where it is still standing intact, or as personalty, where it has been cut. No need arises to determine whether the trees cut, but still attached to the stump be personalty or realty, for as to the timber not cut *and removed* at the expiration of the two year period the defendant's title was as complete as if the deed had never been made. Harris v. Free et al., 6 Ala.App. 113, 60 So. 423.

The conclusion above expressed is we think compulsory, in view of the legislative policy expressed in Section 49 of Title 47, Code of Alabama 1940, which provides: "In all conveyances of standing timber by deed or other instrument, unless otherwise provided in said deed or other instrument, the title to all timber not cut and removed within ten years from the date of the deed or other instrument conveying the same, or at the expiration of the time limit agreed upon by the parties, shall revert to the grantor or grantors."

Thus under the provisions of the above act the title to all timber not cut *and removed* within ten years reverts to the grantor. This reversion occurs under the statute whether or not there be a reversionary clause in the deed.

■ Obviously the terms of the statute are broad enough to apply to both standing trees, i. e., realty, and to trees cut, but not removed, i. e., personalty.

As stated in Reid et al. v. Saunders, 254 Ala. 556, 49 So.2d 154, 157, the object of the legislature in enacting Section 49, supra, was "to meet the ridiculous situation and the unsettled state of the law arising from the decision in Zimmerman Mfg. Co. v. Daffin, 149 Ala. 380, 42 So. 858, 9 L.R.A., N.S., 663".

The anomalous situation flowing from the Zimmerman, and McGill v. Holman cases, supra, would still prevail as to trees cut but not removed were Section 49, supra, to be interpreted to apply only to standing trees. The very terms of Section 49, supra, deny such interpretation, for it specifically provides that timber not cut *and removed* reverts to the grantor.

■ The statute provides that the title to timber not cut *and removed* shall revert to the grantor at the expiration of a period of ten years, "unless otherwise provided in said deed or other instrument." This proviso permits either an enlargement or a decrease of the ten year period by agreement of the parties. Such alteration of the time period by the parties does not however affect the operative effect of the statute otherwise.

Affirmed.