89 So.2d 682

**Hoyt WILDER et al.**

v.

**Velma Ayres SCOTT et al.**

5 Div. 638.

Supreme Court of Alabama.

Sept. 13, 1956.

Burns & Burns, Wedowee, for appellants.

H. M. Brittain, Wedowee, and D. R. Boyd, Roanoke, for appellees.

STAKELY, Justice.

This case involves the claim of alleged remaindermen not in possession of real estate and with no right to immediate possession to maintain a bill in equity to remove a cloud on their remainder interest pending termination of the life estate.

Hoyt Wilder and others filed their bill of complaint against Velma Ayres Scott and others to remove alleged clouds upon the title of certain lands aggregating forty acres situated in Randolph County, Alabama. The respondents demurred to the bill and the court sustained the demurrer. This appeal is from this decree.

The allegations of the bill of complaint show in substance the following. The complainants are the sole heirs at law of W. F. Wilder, deceased, who died intestate in Randolph County, Alabama, in the year 1911 seized and possessed of certain lands described in the bill of complaint in Randolph County, Alabama, amounting to forty acres, upon which he was residing at the time of his death as his homestead. The complainants are all the children of W. F. Wilder except that two of the complainants are his grandchildren, being the only children of their deceased mother, a daughter of W. F. Wilder, deceased. At the time of his death W. F. Wilder left Janie Wilder as his widow. She has married twice since the death of the deceased and her name is now Janie Wilder Williamson. She is still living and resides in Randolph County, Alabama. The widow is alleged to own a life interest in the land and it is further alleged that the complainants "on the death of their said father, W. F. Wilder, became the owners of said reversionary interest in said land subject only to the life estate of their said mother and grandmother, Janie Wilder Williamson."

It is further alleged that the respondent Velma Ayres Scott is reported to claim some right, title or interest in the land by virtue of an alleged deed from her father, J. D. Ayres, who is now deceased. A copy of this deed dated November 7, 1930, is attached to the bill, marked an exhibit and made a part of the bill of complaint. It is further alleged that by reason of the fact that the grantor, J. D. Ayres, had no title to the land that is involved in this suit, that said deed is a cloud on the complainants' title.

It is further alleged that the respondents, Velma Ayres Scott and Dora Ayres, wrongfully sold a great quantity of valuable saw timber off of the land, the exact amount of the timber cut from the land being unknown to the complainants, although they are advised that some 125,000 feet of saw timber has been cut from the land, the amount cut from the land being worth at least $10 per thousand feet. It is alleged that this timber was cut by the respondents Garvis Parker and Fred McCain, it being further alleged that Garvis Parker and Fred McCain cut the timber under contract of purchase from the respondents Velma Ayres Scott and Dora Ayres. It is further alleged that the removing of the timber from the land by the respondents was wrongful and a trespass against the rights of complainants and a waste to the great damage of the respondents to their reversionary interest.

It is further alleged that on or about April 29, 1955, Velma Ayres Scott executed a written instrument to Dora Ayres purporting to convey unto her the aforesaid land together with other lands not here involved, a copy of the deed here referred to being attached to the bill as an exhibit and made a part thereof. It is further alleged that the deed from J. D. Ayres, now deceased, to Velma Ayres Scott and the alleged deed from Velma Ayres Scott to Dora Ayres are each void in that J. D. Ayres, deceased, had no legal title to the land and could not convey title greater than he owned and that each of said purported deeds or conveyances should be canceled as a cloud on complainants' title.

It is further alleged that no suit is pending to enforce or test the validity of such title, claim or cloud on said land and that neither party or either of them are in possession of said land and that complainants have a reversionary interest in said land.

It is further alleged that complainants now call upon each of the aforementioned respondents to set forth and specify his or her title, claim, interest or encumbrance to said land and how and by what instrument the same is derived and created.

The bill in this suit seeks to have alleged clouds removed from the title to the land in which the complainants assert a remainder interest, a life estate being in their mother and grandmother, Janie Wilder Williamson. It is claimed that the deed executed by J. D. Ayres to Velma Scott Ayres and the deed executed by Velma Scott Ayres to Dora Ayres are clouds on the title of those holding the remainder interest and that timber has been sold off the land without the consent of complainants to their detriment and damage and waste of the estate. There are various grounds of demurrer which raise various propositions which we shall undertake to discuss.

Our cases make it clear that a remainderman not in possession and with no right to the immediate possession may maintain a bill to remove a cloud upon his remainder interest pending termination of the life estate, although he is not under duty to do so as a rule. It should be kept in mind in this connection that the complainants do not seek to file a statutory bill to quiet title. § 1109 et seq., Title 7, Code of 1940. When complainants, such as the complainants in the present case, do not seek to obtain the benefit of a statutory right in order to have equity remove a cloud on or quiet title, they must set forth and describe some instrument which on its face appears to convey a title superior to their title but which as a matter of fact

does not do so. Teal v. Mixon, 237 Ala. 129, 185 So. 737; Ward v. Chambless, 238 Ala. 165, 189 So. 890; Prestwood v. Horn, 195 Ala. 450; 70 So. 134; St. Clair Springs Hotel Co. v. Balcomb, 215 Ala. 12, 108 So. 858.

The bill shows that W. F. Wilder died intestate in Randolph County in 1911, owning the land which is the subject of this suit and upon which he was residing at the time of his death as a homestead. The bill further shows that the complainants are his sole heirs and that his widow is still living.

■ The rights of the parties are to be determined by the law in force at the time of the death of W. F. Wilder. Bailes v. Daly, 146 Ala. 628, 40 So. 420. Under the allegations of the bill the estate of W. F. Wilder has never been declared insolvent and, therefore, under the statutes in force at the time of the death of W. F. Wilder, a fee-simple title never vested in the widow. § 4196, Code of 1907.

As we shall show, under the statute in force at the time of the death of W. F. Wilder, his wife Janie Wilder (now Janie Wilder Williamson), under the allegations of the bill before us did not become invested with a homestead for her life with remainder over to the complainants. Code of 1907, § 4196; Bishop v. Johnson, 242 Ala. 551, 7 So.2d 281; Finerson v. Hubbard, 255 Ala. 551, 52 So.2d 506; Craig v. Root, 247 Ala. 479, 25 So.2d 147. We shall hereinafter refer to the allegations which are lacking, but first shall consider the bill as though containing the omitted allegations.

■ It was not necessary that the homestead be set aside or allotted. Bishop v. Johnson, supra; Finerson v. Hubbard, supra; Craig v. Root, supra. During the existence of the life estate of Janie Wilder Williamson, the statute of limitations does not run against the remaindermen. Winters v. Powell, 180 Ala. 425, 61 So. 96; Wiley v. Wilhite, 201 Ala. 638, 79 So. 110. And further, no act of the life tenant could oust the remaindermen. McLeod v. Bishop,

110 Ala. 640, 20 So. 130; § 3406, Code of 1907. It is true that the widow of W. F. Wilder has remarried, as alleged in the bill, but this does not work a forfeiture of her homestead rights. Johns v. Cannon, 199 Ala. 138, 74 So. 42. Removal from and the renting out of the exempted premises did not work a forfeiture. Garland v. Bostick, 118 Ala. 209, 23 So. 698. Furthermore, neither the subsequent remarriage of the widow nor the change of her residence constituted an abandonment of the claim to exemption before it is allowed or even after it is allotted. Johns v. Cannon, supra. And it may be added that there was no duty on the part of the remaindermen to assess or pay taxes on the property, Gunter v. Townsend, 202 Ala. 160, 79 So. 644, and they could not be guilty of laches under the facts alleged for not instituting a suit at an earlier date pending the life estate of the life tenant. There can be no prescription where there has been no default in duty nor any delay in the assertion of rights. Winter v. Powell, supra.

The statute of limitations does not commence to operate until the death of the life tenant and no action or omission on the part of the life tenant could affect the estate of the remaindermen. Gindrat v. Western Ry. of Alabama, 96 Ala. 162, 11 So. 372, 19 L.R.A. 839; Pickett v. Doe ex dem. Pope, 74 Ala. 122; Pendley v. Madison's Adm'r, 83 Ala. 484, 3 So. 618.

■ Standing timber is considered property of the remainderman or reversioner and sale thereof by the life tenant or by anyone else constitutes waste. Westmoreland v. Birmingham Trust & Savings Bank, 214 Ala. 593, 108 So. 536, 46 A.L.R. 1201; Frost v. Johnson, 256 Ala. 383, 54 So.2d 897.

■ We come now to the defects in the allegations of the bill to which we have referred. There is no allegation that the value of the land does not exceed two thousand dollars. This is, of course, a requirement of the statute which was in force at the time of the death of W. F.

Wilder. § 4196, Code of 1907. Furthermore construing the pleadings against the pleader, the bill does not allege that the forty acres described in the bill was all the real estate which the decedent owned at the time of his death. In the absence of the allegations to which we have referred, no homestead right appearing to be in the widow for her life, the court acted correctly in sustaining the demurrer to the bill. Finerson v. Hubbard, supra; Craig v. Root, supra.

While we said at the outset that this suit involves the claim of alleged remaindermen, the allegations of the bill are not sufficient to show that there is an outstanding life estate in the widow and, therefore, the allegations fail to show that complainants are remaindermen. The result is that under the averments of the bill the title to W. F. Wilder passed at his death to complainants as his sole heirs with the right to immediate possession thereof. No question is raised as to dower and quarantine rights. Since the bill fails to show that complainants are in possession, the bill lacks an element essential to support the bill as it now stands.

Affirmed.

LIVINGSTON, C. J., and LAWSON and MERRILL, JJ., concur.