145 So.2d 437

**Royal REYNOLDS et al.**

**v.**

**Annie Rae Reynolds JONES et al.**

**4 Div. 103.**

Supreme Court of Alabama.

Oct. 18, 1962.

Rehearing Denied Dec. 20, 1962.

J. B. Wiley and Oliver W. Brantley, Troy, for appellees.

E. C. Orme and John W. Gibson, Troy, for appellants.

**MERRILL, Justice.**

This case was originally assigned to another member of the court and was reassigned to the writer on September 4, 1962.

This is an appeal from a final decree denying the relief sought by appellants in their bill of complaint, dissolving a temporary injunction and permitting the life tenant to continue to cut timber on the land "so long as it conforms to the practice established and followed by" the testator and deceased husband of the life tenant.

The testator died in 1958, leaving a will which bequeathed to his wife all the real estate he owned, "but for her life only, and she is to have the use, possession and enjoyment of the same so long as she may live." The title to the land at the death of the widow was to vest in his heirs at law existing at that time.

The complainants are heirs at law of the testator and the respondents are the widow, a minor heir at law and George Dunn, a sawmiller. The bill of complaint alleged that the widow, appellee, sold the merchantable timber on the 1280 acres involved to Dunn, that he was cutting the timber, that he and appellee were committing waste, that appellee was not accounting to the remaindermen for the money she was receiving from the sale of the timber, and that a temporary injunction was necessary to prevent irreparable damage and harm to the estate.

The temporary injunction was issued, the appellee filed a cross-bill and moved for a dissolution of the injunction.

 After a hearing on the merits, the trial court found that the testator, during his life, had established a practice of cutting the timber above 12 inches periodically, rotating so as to cut the timber on his "seven places" every six years, and that Dunn had cut the timber for testator during his lifetime, that appellee had authorized Dunn to cut the timber for her as he had for testator, and that Dunn was cutting it substantially as he had for testator.

The question before the trial court and presented to us is whether the cutting of this timber was waste as against the remaindermen, or whether this was tree farming so as to make the income therefrom the property of the life tenant. The trial court held it was not waste and that the income went to the life tenant. We agree.

The case of First National Bank of Mobile v. Wefel, 252 Ala. 212, 40 So.2d 434, is decisive of this case. It was there stated that unless the principle of tree farming was applied, the proceeds of the sale of timber should be classified as corpus and thus would be waste on the part of the life tenant, since the timber was not used for the purpose of clearing land, repairing buildings or fences, or for firewood, citing Westmoreland v. Birmingham Trust & Savings Bank, 214 Ala. 593, 108 So. 536, 46 A.L.R. 1201; Jones v. Sandlin, 205 Ala. 67, 87 So. 850; Guest v. Guest, 234 Ala. 581, 176 So. 289; Alexander v. Fisher, 7 Ala. 514. The court further said:

"But there has grown up an exception to this rule originating in England, and adopted in some states in this Country, and apparently disapproved by none who have had occasion to treat it. The exception applies to estates which were cultivated by the settlor and this custom has continued after his death, to produce salable timber where the timber is cut periodically. The reason assigned is that protecting and cutting timber periodically and pursuing a system of reforestation is a mode of cultivation, and such product is not then a part of the inheritance but part of the so-called annual fruits of the land; and in such cases the same kind of cultivation may be carried on by the tenant for life that has been carried on by the settlor; and the timber so cultivated and cut periodically is looked upon as annual profits of the estate when reforestation is pursued and therefore goes to the tenant for life. * * *

\* \* \* \* \* \*

"The principle appears to us to be logical and with a proper understand-

**244**

ing of what income is as applied to land unproductive of income in other respects, especially when the settlor had himself so operated it before creating the trust.

"We think the result therefore depends upon a finding of fact in each separate instance."

Under the facts found by the court, some of which we have already listed, we are constrained to hold that the testator was engaged in a tree farming operation prior to his death, and that as long as that operation was continued in substantially the same manner by the life tenant, the proceeds from the timber would be considered as income to the life tenant.

The principle stated in the Wefel case, supra, was subsequently affirmed in Reid v. Saunders, 254 Ala. 556, 49 So.2d 154.

■ The only other question argued is that even though the cutting of the timber was not waste, and that it did fall within the principle applicable to tree farming, still the remaindermen were entitled to some of the proceeds from the sale of the timber under Tit. 58, § 83, Code 1940, Uniform Principle and Income Act.

The trial court stated in his opinion:

"It is the opinion of the Court that the cutting of the timber in this case·did not constitute waste as against the remaindermen, but that the life tenant was entitled to the proceeds from the sale thereof as income. Much study has been given by this Court as to whether Title 58, Sec. 83, Code of Alabama, 1940, as amended, has application in so far as the proceeds from the timber in this case is concerned. It is the opinion of the Court that said Code Section is not applicable. * *"

We agree. The code section deals with natural resources, including timber, but we think the statute is concerned with the permanent depletion of natural resources, not to a continuation of a system of tree farming. Had the timber been cut, or thinned for better growth, for the first time by the life tenant, the statute could

have operated, but under the facts here, it was inapplicable.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.